Kentucky Central R. R. Co. v. Talbot, &c.

---

CASE 126—PETITION ORDINARY—OCTOBER 28.

# Kentucky Central R. R. Co. v. Talbot, &c.

APPEAL' FROM BOURBON CIRCUIT COURT.

Under the statute declaring that the killing or damaging of stock by the cars of a railroad company shall be *prima facie* evidence of negligence, the uncontradicted and unimpeached testimony of such employés of the company as are presumed to know the facts that there was no negligence, overcomes the *prima facie* case of the plaintiff, and he cannot recover.

J. W. BRYAN FOR APPELLANT.

1. In an action against a railroad company alleging the negligent killing or injuring of stock, before a presumption of negligence on the part of the company can arise, proof that the company or its agents caused the injury must be clear and unmistakable.

2. The proof offered by appellant was more than sufficient to rebut the statutory presumption of negligence.

3. An instruction which does not tell the jury by what they are to be governed, in arriving at the value of stock or the damages sustained, is erroneous.

IRWIN TAYLOR FOR APPELLEES.

1. The hypothesis clearly established by circumstantial evidence must be accepted as true.   (Starkie's Evidence, 496.)

2. An instruction which gives the law correctly on measure of damages, but omits to caution the jury that they are to be governed by the evidence, is not erroneous, especially when all the evidence supports the verdict.    (Baum v. Winston, 3 Met., 129; Craig v. Durrett, 1 J. J. M., 366.)

.3. A peremptory instruction should be refused if there is any evidence before the jury tending to show a right of recovery.   (Rucker v. Hamilton, 3 Dana, 41; Clark v. Castleman, 1 J. J. M., 70; Shay v. Turnpike, 1 Bush, 109; United Society Shakers v. Underwood, 11 Bush, 276.)

4. An instruction to the effect that the engineer is not bound to watch for stray stock on the track (if in the discharge of his duty), was properly refused.    (Louisville and Frankfort R. R. v. Ballard, 2 Met., 180.)

5. Injury is *prima facie* evidence of negligence.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This action was instituted by appellees to recover damages for the alleged negligent killing, by the engine or cars ·of appellant, of a Short-Horn bull, valued at $700.   Judgment was for appellees in the sum of $500.

The evidence conduced to show that the bull was killed by some one of the train of cars operated by appellant on the night of May 11th, 1878, and that he was worth from $500 to $700.    Here the appellees rested their case, and appellant then introduced as witnesses all of its employés who were connected with the management and running of all the trains passing the point at which the injury occurred, and on the night of the injury. · All of these witnesses, seven in number, testify that they were in the proper discharge of their duty, that the trains were on time, and running at the usual rate-of speed, and that they saw no stock, and knew ·of no injury inflicted on stock by either of their trains.

The only question we will consider is, whether the evi- ·dence of negligence is sufficient to justify the finding of the

jury. This involves the necessity of construing section 5 of chapter 57, General Statutes, which is as follows: "That the killing or damaging of any horses or other stock, by the cars along said roads or branches, shall be *prima facie* evidence of carelessness and negligence of said company."

In the absence of statutory provision to the contrary, the mere fact of killing is not enough to establish negligence. No one, while engaged in a lawful business, is responsible for inevitable accident resulting in injury, though the injury was the direct result or consequence of his own act; and when it is sought to recover for negligence, the burden of proof to establish it is on the one affirming its existence. In such case evidence sufficient to raise a fair presumption of negligence is enough to shift the burden of proof to the defendant, but until such evidence is introduced the party complaining is without standing in court. The statute quoted is in derogation of this rule, and grows out of the difficulty ordinarily supposed to exist with the plaintiff in making proof of facts presumed to be peculiarly within the knowledge of the defendant or its employés. Therefore whenever the consciences of those in whose breasts the fact, if in existence, is presumed to rest, are purged, the reason for the law changing the ordinary rule ceases, the *prima facie* case is overcome, and the plaintiff has failed to make out his case.

It appears to us that the only safe and just rule in a case arising under this statute is, that the railroad company should be required, when in its power, to introduce as witnesses those employés who, from the circumstances of the particular case, would be presumed to know whether there had been any negligence on the part of the company; and when unimpeached, such witness or witnessess testify that there

was no negligence, and the circumstances do not contradict them, the law is for the defendant. To hold otherwise would work manifest injustice and oppression, and would be a discrimination against one class of persons in favor of another whose rights of property are no more sacred.

In this case appellant could have done no more than was done. Every employé who could be presumed to know anything in reference to the matter was introduced and testified in effect that there was no negligence. So far as this record shows the witnesses are all unimpeached and unimpeachable, and there are no circumstances in the case tending to contradict the statements of these witnesses as to the absence of negligence.

Judgment reversed, and cause remanded, with directions. for further proceedings consistent with this opinion.