LITTLE ROCK & FORT SMITH RAILWAY COMPANY v. TURNER, AD. OF OWEN.

RAILROAD : *Negligence in killing stock.*

The engineer saw the mule which was killed as it came upon the track, about sixty yards in front of the engine, and immediately caused the brakes to be put on, reversed his engine, and sounded the alarm whistle, but it was impossible in so short a distance to stop the train, and avoid the collision. *Held:* No negligence.

APPEAL from *Faulkner* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Clark & Williams,* for appellant.

Where, upon trial for killing stock, a railroad introduces the engineer and fireman, or either of them, who were on the engine at the time of the killing, etc., who state facts which show that the injury occurred without negligence, etc., the statutory presumption of negligence is rebutted, and the burden is shifted back to plaintiff to establish negligence by preponderating evidence. *Railroad v. Talbot, 13 Cent. Law J., 10, 78 Ky., 621.*

162    SUPREME COURT OF ARKANSAS,

Little Rock & Fort Smith Railway Co. v. Turner, Ad. of Owen.

As the statute casts the burden of proof upon the rail-
road, it is entitled to the opening and closing of the argument.
*1 Greenleaf Ev.*, secs. *75–6, and note 4*; *Chicago, B. &
C. R. R. v. Bryan, 90 Ill., 126*; *56 Ga., 351*; *56 N.
H. 227*; *5 S. C., 216*; *72 Ill., 516*; *29 Ark., 151.*

If there was not time to stop the train after the mule was
discovered to be in danger, by the use of ordinary diligence,
and the usual appliances, and such were used, the company
is not liable. It was error to refuse an instruction to this-
effect. *Atkins v. State, 16 Ark., 567*; *Bissell v. Booker,
Ib., 309*; *Armstead v. Brooks, 18 Ib., 521*, unless it was-
not sufficiently abstract.

Abstract instructions are misleading and should not be-
given. *2 Ark., 133, 360*; *6 Ib., 161*; *8 Ib., 186.*

*J. H. Harrod*, for appellee.

Ordinary prudence and caution require the engineer to
promptly blow the whistle, as soon as it can be convenient-
ly done, after discovery of stock on the track, etc. *R'y. v.
Trotter, 37 Ark., 593.*

A railroad is liable for damages resulting from want of
due care and diligence. *Bissell v. Booker, 16 Ark., 308.*

The party upon whom the burden of proof rests has the
opening and conclusion. *Gantt's Dig., sec. 4668*, and the
burden is on the party who would be defeated if no evi-
dence were offered. *Sec. 2494.*

SMITH, J. This was an action for the recovery of the
value of a mule, alleged to have been killed by a passenger
train. The defendant admitted the fact of the injury, but
denied all negligence, and alleged affirmatively that the
cause of the injury was the plaintiff's carelessness in hobbling
the mule and turning it out in the vicinity of the railroad.

The evidence tended to prove that the plaintiff had tied
the mule's head to one of its forefeet with a halter to pre-
vent it from breaking fences, and had turned it out to graze

upon the commons ; that the train was running at the speed of twenty or twenty-five miles an hour, which was not above schedule time ; that the engineer first saw the mule in the act of coming upon the track, about sixty yards in front of the engine ; that the brakes were immediately called for and put on, the engine reversed and the alarm whistle sounded, but the track was wet and slippery, and the hobbled condition of the mule impeded its motion and prevented it from getting out of the way ; that the train was not materially checked before the mule was struck and it would have required not less than one hundred yards, perhaps two hundred in the existing state of the track and with only hand-brakes and the other appliances then at hand, in which to stop the train.

The jury found a verdict for the plaintiff. One of the assignments in the motion for a new trial assailed the verdict as being contrary to the evidence.

Several questions have been argued here, but we notice only one. A new trial should have been granted on the merits. The statutory presumption of negligence, arising from the circumstance that the mule was run down by the train, was as completely rebutted as it is possible for evidence to rebut it in any case. The engineer and fireman, the only eye-witnesses of the accident, told a plain and consistent story. Their testimony as to the substantive facts of the injury was not discredited, nor was it even controverted by the plaintiff's witnesses.

In *Kentucky Central R. Co. v. Talbot, 78 Ky., 621,* the court of appeals of Kentucky, construing a similar statute, say : ''The statute is in derogation of the rule (that negligence must be affirmatively proved) and grows out of the difficulty ordinarily supposed to exist with the plaintiff in making proof of facts presumed to be peculiarly within the knowledge of the defendant or its employes. Therefore whenever the consciences of those in whose

breasts the fact, if in existence, is presumed to rest, are purged, the reason for the law ceasing, the ordinary rule ceases, the *prima facie* case is overcome, and the plaintiff has failed to make out his case. It appears to us that the only safe and just rule in a case arising under this statute is, that the railroad company should be required, when in its power, to introduce as witnesses those employes who, from the circumstances of the particular case, would be presumed to know whether there had been any negligence on the part of the company ; and when, unimpeached, such witnesses testify that there was no negligence, and the circumstances do not contradict them, the law is for the defendant.''

We have not attached any special significance to the fact that the mule's foot was fettered. If it was negligence in the owner to turn his beast loose in this condition, it was probably too remote to affect the case, provided the defendant could by the exercise of ordinary care have avoided injuring it. In *Davis v. Mann, 10 Mees. & W., 545*, the plaintiff, having fettered the fore feet of his ass, had turned it into a public highway. The ass was grazing on the side of the road, when the defendant's wagon and team, coming down the road at a ''smartish pace,'' ran against the ass, knocked it down and killed it. The driver of the wagon was some little distance behind the horses. ERSKINE, J., told the jury that, though the plaintiff's act, in leaving the donkey on the highway so fettered as to prevent his getting out of the way of carriages traveling along it, might be illegal, still if the proximate cause of the injury was attributable to the want of proper conduct on the part of the driver of the wagon, the action was maintainable against the defendant ; and he directed them to find for the plaintiff, if they thought the accident might have been avoided by the exercise of proper care on the part of the driver. And a rule for a new trial, on the ground of misdirection, was

refused by the court of exchequer.   See also *L. R. & F. S. R'y. v. Finley, 37 Ark., 536.*

Reversed and remanded for a new trial.