CASE 33.—PETITION ORDINARY—OCTOBER 23.

,McGhee, &c., Receivers, v. Gaines.

APPEAL FROM WOODFORD CIRCUIT COURT.

1. RAILROADS—KILLING OF STOCK ON TRACK—PRESUMPTION OF NEGLIGENCE OVERCOME.—In an action against a railroad company to recover damages for the killing of stock by the cars of the company the presumption of negligence is overcome by the uncontradicted and unimpeached testimony of the servants in charge of the train at the time of the occurrence, showing that the killing was unavoidable. The existence of tracks along the road raising a mere conjecture or suspicion that the trainmen could have seen the stock in time to have prevented the killing is not sufficient to override the positive testimony of eye witnesses.

2. SAME—FAILURE TO MAINTAIN CATTLE GUARD.—Where a railroad company is in default in the performance of a legal obligation, as by neglect to maintain a fence or cattle guard where stock may stray on the track, proof of such default and of the cattle coming on at such place and being killed will suffice to render it liable for the damages. But the allegations of the petition in this case are not sufficient to show such a state of case as was contemplated by section 1793 of the Kentucky Statutes upon the subject of cattle guards, etc.

McGhee, &c., Receivers, v. Gaines.

ED M. WALLACE FOR APPELLANT.

1. The evidence heard by the jury demonstrated the fact that the killing was unavoidable and not the result of any negligence. After the defendant's servants in charge of the train have purged their consciences by testifying that the proper care was taken and they are unimpeached the force of the statute is exhausted, and it becomes indispensable to the plaintiff's right to recover to show the existence of negligence in fact. (Ky. Cent. R. Co. v. Talbot, 78 Ky., 621; St. L. & N. R. Co. v. Lampkin, 5 Ky. L. R., 777; Grundy v. L. & N. R. Co., 8 Ky. L. R., 689; L., C. & L. R. Co. v. Bates, 8 Ky. L. R., 701; C., N. O. & T. P. R. Co. v. Graves, 9 Ky. L. R., 535; C., N. O. & T. P. R. Co. v. Traves, 9 Ky. L. R., 577.)

2. The instructions given by the court are misleading. It is the *paramount* duty of a railroad company, through its agents, invested with the conduct of a train, to look after the safety of the persons and property thereon, subordinate to which is the duty to avoid unnecessary injury to animals straying upon the road. (L. & F. R. Co. v. Ballard, 2 Met., 177; Ky. Cent. R. Co. v. Prewitt, 9 Ky. L. R., 723; L. & N. R Co. v. Brummett, 14 Ky. L. R., 239.)

D. L. THORNTON FOR APPELLEE.

1. The jury could not have been misled to the injury of defendants by the failure to say in the instructions in so many words that it was the paramount duty of the train crew to so act as to insure the safety of the train and the passengers on it. The language of the court "having due regard to the safety of said train and the persons thereon," fully expressed that idea.

2. It devolved on defendants to overcome affirmatively by positive proof the legal presumption of negligence, which they failed to do.

3. The court erred in sustaining demurrer to the second paragraph of the petition. (Wood's Railroad Law, vol. 3, sec. 419; 1 Redfield on Railways, sec. 20, p. 519; 2 Beach on Railways, sec. 969; Pierce on Railroads, p. 428; Ky. Cent. R. Co., v. Kenny, 6 Ky. L. R., 17; Brown, v. Providence, &c., R. Co., 12 Gray, 55; s. c., 71 Am. Dec., 736.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The first paragraph of the appellee's petition sought a recovery of appellants as receivers of the East Tennessee, Virginia & Georgia Railway Company, by reason of the fact

that they failed to erect or maintain a good and sufficient cattle guard on the railroad in their charge where it crosses the public road at Bonita Station in Woodford county, by reason of which failure a horse and mule belonging to the appellee strayed from the public road onto and along the track, over the right of way of the railway, and were run over and killed.

A second paragraph alleged that the horse and mule were killed by the carelessness and negligence of the agents and servants of the company in operating the train in a careless and negligent manner. A demurrer was sustained to the first paragraph, to which the appellee excepted, and upon a trial of the issues raised by appellants' denial of the allegations of the second paragraph, a judgment resulted in the appellee's favor for the full amount sued for. From this judgment the receivers appeal, and the appellee seeks to revise the action of the lower court in sustaining a demurrer to the first paragraph of his petition by a cross appeal.

The appellants insist that there was no evidence to sustain the verdict, or rather that negligence being presumed under the statute, the evidence conclusively rebutted that presumption and established without contradiction that the killing was unavoidable and not the result of negligence in operating the train.

In this we are constrained to agree with appellants. The killing occurred on a rainy, dark night in December. No one saw it save the engineer and fireman. They are introduced by the appellants and explain how the killing occurred. According to their testimony the stock came directly across the track while the train was running some fifteen or eighteen miles an hour, and those in charge only saw it when some sixty or eighty feet away—too late to have stopped the

train and prevent the accident, although every effort was made to do so.

There was no contradictory evidence offered, as there could not well be under the circumstances. Some tracks of the stock appear to have been made along the railroad, presumably when the animals were running from the train, and it is thought that from this the jury might fairly infer that the trainmen must have seen them in time to have stopped the train and prevent the killing.

This conclusion would seem, however, to be based on a mere conjecture or suspicion, and we are not inclined to think it ought to override the positive testimony of the eye-witnesses.

The statute imposed on the company the burden of showing the absence of negligence, and this in itself is in violation of the ordinary rule. After those who were in charge of the train at the time of the occurrence are introduced by the company and are made to explain the circumstances, and do so in such a manner as to show an unavoidable killing, we know of no rule by which their testimony may be wholly disregarded. Facts may be shown and circumstances relied on tending to prove that these eyewitnesses, interested as they may be in vindicating themselves, are mistaken or have testified falsely. We do not think, however, these facts or circumstances appear in this case. (Ky. Central R. Co. v. Talbot, 78 Ky., 621; Grundy v. L. & N. R. Co., 8 Ky. Law Rep., 689.)

The first paragraph of the petition, as amended by permission of the trial judge, was drawn evidently to meet the state of case provided for by the statute on the subject of cattle guards, etc., found in section 1793 of the Kentucky Statutes.

There can be no doubt of the proposition that if the company is in default in the performance of a legal obligation, as by neglect to maintain a fence or cattle guard where stock may stray on the track, proof of such default and of the cattle coming on at such place and being killed will suffice to render it liable for the damages (Pierce on Railroads, page 428.) But on a comparison of the allegations of the paragraph as amended with the terms of the statute, we are not satisfied that the state of case contemplated by the act has been properly set up in the pleadings. The defect may be cured by an amendment on a return of the case. The instructions to the jury are free from error.

For the reason indicated the judgment is reversed for proceedings consistent with this opinion.