McGhee, &c., Receivers, v. Guyn.

---

CASE 37—PETITION ORDINARY—OCTOBER 29.

## McGhee, &c., Receivers, v. Guyn.

APPEAL FROM WOODFORD CIRCUIT COURT.

98    209
126   647

98    209
136   770

1. RAILROADS—STATUTORY PRESUMPTION OF NEGLIGENCE OVERCOME.—In an action against a railroad company for negligently killing stock the statutory presumption of negligence being overcome by the uncontradicted and unimpeached testimony of the employes in charge of the train showing that the killing could not have been avoided by the exercise of ordinary care, a verdict for plaintiff will be set aside as against the evidence.

2. FAILURE TO ERECT CATTLE GUARDS.—Neglect on the part of a railroad company to erect suitable cattle guards at public crossings and keep them in repair, when a statute so requires, renders it liable for injuries to cattle escaping from a highway upon its track by reason of such defect.

ED M. WALLACE FOR APPELLANT.

1. The evidence heard by the jury demonstrated the fact that the killing was unavoidable and not the result of any negligence. After the defendant's servants in charge of the train have purged their consciences by testifying that the proper care was taken and they are unimpeached the force of the statute is exhausted, and it becomes indispensable to the plaintiff's right to recover to show the existence of negligence in fact. (Ky. Cent. R. Co. v. Talbot, 78 Ky., 621; St. L. & N. O. R. Co. v. Lamkins, 5 Ky. L. R., 777; Grundy v. L. & N. R. Co., 8 Ky. L. R., 689; L., C. & L. R. Co. v. Bates, 8 Ky. L. R., 701; C., N. O. & T. P. R. Co. v. Graves, 9 Ky. L. R., 535; C., N. O. & T. P. R. Co. v. Traves, 9 Ky. L. R., 577.)

2. The instructions given by the court are misleading. It is the *paramount duty* of a railroad company, through its agents, invested with the conduct of a train to look after the safety of the

persons and property thereon, subordinate to which is the duty
to avoid unnecessary injury to animals straying upon the road.
(L. & F. R. Co. v. Ballard, 2 Met., 177; Ky. Cent. R. Co. v. Prewitt,
9 Ky. L. R., 723; L. & N. R. Co. v. Brummett, 14 Ky. L. R., 239.)

D. L. THORNTON FOR APPELLEE.

1. The jury could not have been misled to the injury of defendant by
   the failure to say in the instructions in so many words that it
   was the paramount duty of the train crew to so act as to insure
   the safety of the train and the passengers on it. The language
   of the court "having due regard to the safety of said train and
   the persons thereon" fully expressed that idea.
2. It devolved on defendant to overcome affirmatively by positive
   proof the legal presumption of negligence, which they failed to
   do.
3. The court erred in sustaining demurrer to the second paragraph
   of the petition. (Woods' Railway Law, vol. 3, sec. 419; 1 Redfield
   on Railways, sec. 20, p. 519; 2 Beach on Railways, sec. 969; Pierce
   on Railroads, p. 428; Ky. Cent. R. Co. v. Kenny, 6 Ky. L. R., 17;
   Brown v. Providence, &c., R. Co., 12 Gray, 55; s. c., 71 Am. Dec.,
   736.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

When sued for negligently killing stock a railroad com-
pany may overcome the statutory presumption of negli-
gence by introducing satisfactory and consistent proof that
the killing could not have been avoided by the exercise of
ordinary care. And when this is done by the uncontradicted
and unimpeached testimony of the employes in charge of the
train it is not within the province of the jury to find other-
wise. (Kentucky Central R. Co. v. Talbot, &c., 78 Ky., 621.)

From the testimony in the case now before us the finding
of the jury should have been for the company and not
against it.

By a cross appeal the appellee questions the ruling of the
trial judge in sustaining a demurrer to the first paragraph
of his petition. This paragraph seeks to hold the company

liable for the killing because of its failure to erect and maintain suitable cattleguards at a designated public crossing, and where it is alleged the mare passed from the public road onto the railroad, where she was killed. The averments of the petition in this behalf appear to conform to the requirements of the statute, and the demurrer should have been overruled.

It is well settled that a neglect on the part of the company to erect suitable cattleguards at public crossings and keep them in repair, when a statute so requires, renders it liable for injuries to cattle escaping from a highway upon its track by reason of such defect. (Woods' Railway Law, volume 3, section 419.)

Judgment reversed on original and cross appeals for proceedings consistent with this opinion.