## Crawford v. Southern Railway in Kentucky.

(Decided November 26, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Railroads—Action for Killing Horse—Section 809 Ky. Stats.—Burden.—While the killing of the horse constituted prima facie evidence of negligence and carelessness on the part of the railroad

company (section 809 Ky. Stats.) the evidence of the fireman and engineer that they could not stop the train in time to prevent striking the horse as they were so near it, although they tried to stop the train, shifted the burden, and appellant failing to introduce evidence contradicting that of the engineer and fireman, the court did not err in failing to submit this issue to the jury.

2. Railroads—Fencing Land Along Right of Way—Absence of Evidence Showing Compensation.—As there was no evidence showing appellant or her vendor had received compensation for fencing along the right of way, she was entitled to an instruction authorizing the jury to find for her one-half of the value of the horse, and it was error to refuse such instruction.

3. Railroads—Compensation for Fencing Right of Way—Evidence.— All competent evidence showing whether or not appellant or her vendor received compensation for the fencing from the railroad company should have been admitted and the court erred in rejecting it.

W. S. HOGUE for appellant.

HUMPHREY, MIDDLETON & HUMPHREY, W. LELAND TAYLOR for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This action was brought under section 809 of the Kentucky Statutes, to recover the value of a horse killed by the railway company. It was admitted that the horse was killed by a train, but the engineer and fireman in charge of the train, testified that it was a heavy train; that it was traveling fast; that they were keeping a lookout; that when they first discovered the horse they shut the steam off and tried to stop the train but could not do so before they struck the horse as they were so near to it. Under the section of the statute above cited, the killing of the horse constituted prima facie evidence of negligence and carelessness on the part of the railway company. This court has decided in several cases, however, that testimony which was in effect the same as that given by the engineer and fireman in this case, overcame such prima facie evidence. See Rogers v. Felton, Receiver, 98 Ky., 148, and McGhee, &c., Receivers v. Gaines, 98 Ky., 182. Other cases to the same effect could be cited but we do not deem it necessary. The burden of proof was thus shifted and appellant failed to introduce any testimony or circumstance tending to contradict the evidence of the engineer and fireman in charge of the train, consequently the court did not err in failing to submit this issue to the jury.

It appears from the pleadings and proof that in February, 1909, the railway company caused a fence to be erected on one side of its right of way between it and the land of appellant, or, at least, along a part of the line. It is neither alleged nor proved where this fence started nor where it ended, nor for what purpose it was erected, nor is it made to appear that the railway company was compelled, by the enforcement of the statute, to build the fence. But it does appear that the fence did not enclose appellant's property, for at least one end of it did not connect with a fence or other structure, and there was a considerable space left open at that point from the time of the erection of the fence, as well as at another point to which we will call attention later. The lands of the railway and appellant were not fenced as contemplated by section 809, of the Kentucky Statutes and other sections with reference thereto. There was no fence on the other side of the right of way, and had not been upon this side for a long time prior to February, 1909. In erecting this fence the railway company left an opening for the purpose of erecting a gate for a passway, as they claim. The hands who erected the fence stated that before they left the fence they closed this opening by stretching wires across it. Appellant claims that she objected to this opening being left; that she several times approached the hands and made her objections known; that upon the last occasion she spoke to them about it, they told her they would not leave it open but would place wires across it or leave the wire for her to stop it, but did neither, and the opening remained there until March, 1909, when the horse was killed. She testified that her horse went through this opening and onto the railway track at the time it was killed; and it is this negligence—the leaving of the opening—which she claims entitles her to recover the value of the horse. The court submitted this question and also the one as to her alleged contributory negligence in failing to stop the opening herself, and the verdict of the jury was against her.

Appellant contends that the court erred in refusing to instruct the jury to find for her at least one-half of the value of the animal killed. In addition to alleging the negligent killing of the horse, in her petition, she alleged that it was killed upon appellant's track where it passed through her land, and that she and her vendors had received no compensation for fencing her land

along the railway right of way. Appellee controverted this, and upon a trial of the case, introduced a deed from appellant and her mother to the Louisville Southern Railroad Company, appellee's vendor, which conveyed to the railroad company certain definitely described tracts of land for a right of way, for the consideration of $2,300. Nothing is said in this deed about fencing. The deed is similar to those in the cases of N. & O. Ry. Co. v. Courts, 22 Ky. L. R., 672, and O. & N. Ry. Co. v. Townsend, 21 Ky. L. R., 697. There was nothing said in the deeds in those cases about fencing, and the court said in the Townsend case, which was approved in the Courts case, the following:

"That such a deed to a railroad company is not to be distinguished from a similar deed to a private person; and that, if made to an individual, it would have passed nothing but the land; and the rights as to the fencing would be determined by the laws in force on that subject."

Therefore, as there was no testimony whatever showing that appellant or her vendor had received compensation for this fencing she was entitled to an instruction authorizing the jury to find for her one-half the value of the horse killed. In the two authorities cited it was said:

"In order for appellant (the railroad company) to bring his (its) case within section 1796 of the Kentucky Statute he (it) must show that the owner or his vendor in fact received compensation for fencing the land."

Section 1796 of the Statutes provides that the statute laws in regard to fencing land has no application to a railroad when the owner or his vendor has received compensation for fencing the same. Section 809, Kentucky Statutes, makes a railroad liable for one-half of the value of stock killed when the owner of the stock and land has received no compensation for fencing the land along the right of way. All competent evidence showing whether or not appellant or her vendor received compensation for the fencing from the railroad company should have been admitted and the court erred in rejecting it.

Appellant complains of error of the court in refusing to allow testimony of the failure of appellee to construct cattle-guards at certain points adjacent to her land. The court did not err in this matter, as the statute with reference to cattle-guards has no application in

this controversy. (Parish v. L. & N. R. R. Co., 126 Ky., 638).

· For the reasons stated, the judgment is reversed and the case remanded for further proceedings consistent with this opinion.