## Sturgill v. Sturgill, et al.

(Decided April 16, 1918.)

### Appeal from Laurel Circuit Court.

1. Fences—Division Fences—Agreement.—An agreement that a division fence should be built upon a designated line between adjacent proprietors will not authorize the joining of fences at a point not upon the agreed line.

2. Fences—Division Fences—Agreement.—In an action by an adjacent owner to enjoin his neighbor from detaching a fence built by the former and connected with a fence built wholly upon the land of the latter, evidence held insufficient to show an agreement that such fences should be joined.

3. Fences—Division Fences.—Section 1786 Ky. Stats. confers no right upon an adjacent owner of land to connect his fence with that of his neighbor not built upon the line but wholly upon his land.

BRUNER & BEGLEY and W. L. BRUNER for appellant.

L. P. THOMPSON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On July 1, 1912, plaintiff, now appellant, conveyed to defendants ten acres off of the south side of his farm, the division line between them being the center of Hazelpatch creek, except for a small distance near the center where the line is on defendant's side of the creek. Thereafter, defendants built on their side of the creek and as near to it as practicable, although as much as forty feet distant at places, a fence so as to inclose their land. Desiring to inclose his lands by joining his fences on his side lines to this fence built by defendants, plaintiff tendered to defendants a sum of money, which he estimated to be the fair value of one-half of the entire fence built by defendants wholly upon their own land and which tender defendants declined to accept; thereupon, plaintiff attached his fence, to do which he crossed on to defendants' land, and defendants cut it loose.

Plaintiff then filed this action seeking to enjoin defendants from cutting his fence loose from their fence, and from interfering with the joining of his fence thereto. The chancellor having dismissed his petition after issue had been joined and proof heard, he appeals.

Plaintiff asserts the right to join his fence to the fence built by defendants wholly upon their land, first, by contract, and second, by virtue of sections 1784, 1786, Kentucky Statutes.

1. In describing the division line in the deed to defendants, a small part near the center of the same is described as follows: "thence (from a stone on the south bank of the creek) with *conditional fence* to another set stone on the same side of the creek." It is alleged in the petition that, when the deed was made, there was no fence where the "conditional fence" is called for, and that, as a part of the consideration for the land conveyed to them, it was agreed that a division fence was to be built jointly by the parties on defendants' side of the creek.

It is now contended that this reference in the deed to a conditional fence is conclusive proof of an agreement by the parties, as part of the consideration, that a division fence was to be maintained jointly on defendants' side of the creek, but even if we accept this reference to a "conditional" fence where no fence existed as evidence that a "conditional" or division fence was to be erected jointly by the parties, manifestly it refers only

to that part of the division line so described and not to other portions of the division line not so described at which plaintiff is seeking to join defendants' fence.

Plaintiff also attempted by oral evidence to prove that it was agreed as part of the consideration for the conveyance that a division fence was to be erected on defendants' side of the creek and not on the line described, but in this he failed even assuming he had the right thus to vary the terms of his written contract under the guise of proving the true consideration, and he was not entitled by contract to the relief sought.

2. Sections 1784 and 1786, Kentucky Statutes, which must be construed together (Parrish v. L. & N. R. Co., 126 Ky. 638), are not as clear in many respects as they might have been made, and upon the particular question involved here we have not been cited to, nor have we been able to find, any case construing them.

Section 1784 provides that "when a division fence is desirable, or is made necessary by the division of improved or inclosed lands, or when no fence or division fence exists between improved or inclosed lands of adjoining owners, . . . . either party may, after he has built a lawful fence upon his portion of the line, require the other to erect a lawful fence. . . . But the provisions of this section shall not apply where the party who erects the fence has received compensation for fencing his entire line, or when written agreements concerning the fencing have been entered into."

This section is clearly not applicable here, because plaintiff had not built a lawful fence upon his portion of the line, nor is he seeking to require defendants to build a part of a division fence, and it is referred to only because of such light as it may throw upon the meaning of section 1786. Section 1786 provides:

"No one shall be compelled to contribute to the erection of a partition fence unless he desires to have his lands inclosed; but whenever the owner of uninclosed lands desires to inclose them, he shall not be permitted to unite his outside boundary fences to the fences of any one else, unless he pays to the owner of said fences the fair value of one-half of all fences that would thus become partition or division fences, and consent, in writing, to thereafter keep up and maintain one-half of same. Neither party shall remove same without the consent of

the other, except between the first of December and the first of March of the ensuing year.''

The seeming inconsistency between these two sections is that the first expressly provides that where a division fence is desirable or made necessary by division of improved or inclosed lands or no division fence exists between such lands, either party, after building one-half, may *require* the other to build or pay for the other half of a lawful division fence, while the latter section provides in the first clause that no one shall be *compelled* to contribute to the erection of a partition fence *unless he desires to have his lands inclosed.* If this clause means that one of the adjoining owners may decline to join in the construction of a division fence simply because he does not desire to do so, section 1784 is meaningless, but that section expresses the main purpose of the whole act, i. e., to permit one adjoining land owner to require the other to join in the erection of a division fence under two states of case: First, when such a fence is ''desirable or made necessary by the division of *improved* or *inclosed* lands''; or, second, ''when no fence or no division fence exists'' between *such lands;* while section 1786 places a limitation upon the right to coerce participation in a joint division fence, but does not, as the language might imply, give to one party the right to defeat the other, proceeding under section 1784, by simply electing not to have his lands inclosed. Section 1784 clearly applies only to improved or inclosed lands, that is, lands suitable for cultivation as distinguished from unimproved or ''wild'' lands, while section 1786, except in its last clause at least, can apply only to the reverse, that is, unimproved or ''wild'' lands, if the two sections are to be preserved and harmonized; otherwise, they are antagonistic and reduce the whole law to a nullity.

Under this construction, it will be noticed this latter section only provides that the party, desiring to inclose his lands, which he could not have been forced to fence, by converting a fence owned by the other into a division fence, can not do so except by paying for one-half of same, and although it strongly implies that he may do so by paying, it does not so provide; but we need not decide whether this implication shall be construed as a granted right because even if so construed, and assuming plaintiff's land was such as authorized him to pro-

ceed under this rather than the former section, it can be applied only to such fences as would thereby "become partition or division fences," which, according to every reference thereto in the act, is a fence "on the line"; not, however, precisely on the line but substantially so, that is, following the line between adjoining landowners so nearly as reasonably to represent the line; and the proof here shows clearly that defendants' fence, wholly on their side of the creek which forms the boundary line and at places as much as twenty-five to forty feet distant therefrom, is not such a fence that would by permitting plaintiff to join his fence thereto "thus become a partition or division fence." Plaintiff would, if permitted so to do, thereby forcibly acquire the possession and use of all the defendants' land along the creek outside of defendants' fence, which was not built by them as a division fence. A division fence constructed along this line would, of course, have to be built out of the creek, and therefore, somewhat away from the line, but it would have to be built one-half on one side and the other half on the other, not all on one side as is defendants' fence, before it could possibly be regarded as a partition or division fence such as is contemplated.

If plaintiff could succeed in this undertaking, it would be extremely dangerous for an owner to build a fence any ways near his line, even though he did not intend it to be on the line or a division fence, and for some reason satisfactory to himself had left uninclosed portions of his land that he would be quite unwilling to have inclosed and used by his neighbor.

Judgment affirmed.