# Mullen & Haynes Company, et al. v. Crisp, et al.

(Decided January 27, 1925.)

## Appeal from Daviess Circuit Court.

1. Master and Servant—Owner of Truck Not Liable for Injury to Third Person by Driver Not Within Scope of Employment.— Where driver of truck at time of injury to plaintiff was neither acting within scope of his employment nor in line of his duty, there can be no recovery against owner.

2. Master and Servant—Proof Held to Raise Presumption that Truck Drivers were Acting in Line of Employment.—In action against owners of trucks for injuries resulting from collision between them causing one to strike plaintiff, proof that defendants owned trucks and employed the drivers, that latter performed such services regularly, raised presumption that they were acting in line of their employment, and made out a prima facie case for plaintiff.

3. Master and Servant—Presumption that Servant Acted Within Scope of Employment did Not Make Question for Jury, where Presumption Fully Met.—In action by plaintiff against owners of trucks for injuries resulting from collision between them, causing one to strike her, presumption that drivers were acting within scope of their employment, raised by plaintiff's proof, having been fully met by defendant's evidence, ceased to exist, and there was no issue of fact upon such point to submit to jury.

4. Negligence—Heavy Business Truck Not per se Dangerous Instrumentality.—A heavy business truck is not per se a dangerous instrumentality, and is not to be classed differently than a passenger car and if properly handled is not more dangerous than a passenger car, though any motive machine is dangerous when recklessly driven.

MILLER & ROWE, LOUIS I. IGLEHART and R. M. HOLLAND for appellants.

LE VEGA CLEMENTS, BEN D. RINGO and F. A. ROBY for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

About one p. m. on the 28th of December, 1921, there was a collision at the corner of Fourth & Triplett streets in the city of Owensboro, between two motor trucks. One owned by Chambers Brothers, wholesale grocers, was going west on Fourth street. The other owned by Mullen & Haynes Co., wholesale druggists, had come north on Triplett street to Fourth and turned west, the two colliding at the northwest corner of that intersection; the

Chambers truck being thrown over on the pavement and striking Joseph P. Crisp, who at the time was standing on the corner of the pavement waiting for it to pass. Crisp was knocked some twelve or fifteen feet and received serious injuries. He died in September following, the immediate cause of his death being cancer of the pancreas.

His administratrix sues both companies, alleging negligence on their part causing the injuries; that the injuries produced the condition terminating in his death, and were the proximate cause thereof. She recovered a judgment of $2,000.00 against each of the companies and both have appealed.

The facts are: Each of the trucks was of ¾ ton capacity; the one owned by Chambers Brothers was driven by Wm. Bruner. Chambers Brothers owned a chain of seven retail stores in the city of Owensboro, all of which were supplied by their wholesale house. Wm. Bruner was employed as shipping clerk and truck driver at the latter establishment. He acted as messenger in visiting the retail stores each morning and carrying the cash to the wholesale house. He also trucked goods from the station to the store and delivered the goods sold.

He had an hour off each day for dinner, beginning at noon, but was instructed to always leave the truck at the store during that hour, and not to use it in going home, and for this used a bicycle.

On the day in question he had delivered goods to one of the stores shortly before noon and instead of returning to the wholesale house drove to his home, a distance of 3,000 feet in an almost opposite direction, where he had dinner. After eating, instead of returning to the business house he drove to see a friend to arrange for a date with some young ladies. He missed his friend and drove on to the Fourth street intersection, where he turned around, having driven a distance of 3,900 feet from his home. At this point he met two young ladies, with one of whom he was acquainted. Both of them had positions down town and he offered to carry them to their work, the nearest distance being 3,800 feet. Their route lay west on Fourth street, and of this they had traversed 2,500 feet at the time of the injury.

The Mullen & Haynes truck was driven by Otto Shadwick, who had been in the employ of the company for some two or three years. His general instructions as to the use of the truck were similar to those above stated in reference to Bruner; he also had an hour off for

dinner each day, from twelve to one o'clock, and was instructed not to use the truck for his own purposes or to use it at that period.

During the time he had been at work he had on several occasions slipped the truck out and used it. Twice the officers of the company had discovered this and reprimanded him for so doing. In November previous the company had purchased a new truck and the enforcement of this rule was made more stringent, and which rule he had thereafter obeyed.

The company began its annual inventory on December 29th, and there were but few deliveries on the morning of the 28th. Shadwick had completed these early in the day. About eleven o'clock he secretly slipped the truck out and drove to an appointed place, where he met a brother who was then visiting the city. He and his brother drove in the truck to his home in a suburban addition, where they had dinner and some conversation. After dinner they mounted the truck and started to the engine house, where the brother intended to pass the afternoon with sime friends; it being Otto's purpose to go on to a pool room for his own entertainment; neither of these buildings being in the neighborhood of Mullen & Haynes' store.

On the way in town they picked up an acquaintance. The route lay north on Triplett to Fourth and thence west. There is a garage building on the southeast corner of Fourth and Triplett the walls of which are flush with both streets, though there is a cant at the corner, giving to a person on one street a view of the intersecting street for a short distance.

The evidence indicates that both machines were traveling unreasonably fast, Bruner going west and near the right-hand side of the street, which was thirty-six feet wide. Shadwick came down the right-hand side of Triplett street, turned west on Fourth, and in violation of the statute drove to the right of the center of the intersection, the two machines coming together near the northwest corner of the intersection. Chambers' truck was struck near the rear wheel; at that time it was within about eighteen inches of the curbing. The spokes were knocked out of the wheel; the truck, either by the force of the impact or by its own momentum, or both, was knocked twelve feet, the curbing torn up, and the machine badly injured.

Each driver claims he had the right of way, each claims the other was in fault, though, as indicated above, there was sufficient evidence on this point to submit the issue of negligence of both to the jury, the serious question being as to whether the defendants are liable for their drivers' negligence.

It is a rather unusual coincidence that each appellant has the same defense in this respect, the claims being that at the time of the injury neither of those drivers was performing any service for his master or engaged in his master's business.

Bruner had started out on his master's business; after he delivered the goods he abandoned that business when he started home instead of going back to the store. While he intended eventually to return the truck to his master, he had not started on such return up to the time of the collision. Indeed, at that time he and the young ladies were *en route* to their destination and his purpose and business was to accomplish that result.

Shadwick started out on an errand for himself and continued to act in his own behalf without any pretense of service to his firm, and at the time of the injury was not anticipating a return to the store until after he had delivered his brother at his destination and taken another trip for his own pleasure.

Such is the effect of the evidence considered as a whole, and if so accepted it would follow that neither of the drivers was acting within the scope of his employment or in the line of his duty at the time of the collision. It is well settled in this court that under such circumstances there can be no recovery against the owner of the machine. Tyler v. Stephens, 163 Ky. 770; Eakins v. Anderson, 169 Ky. 1; Keck's Admr. v. Louisville Gas Co., 179 Ky. 314.

Plaintiff claims a conflict on this point between a presumption in her favor and the evidence introduced by defendant that formed an issue for the jury. She proved that the defendant owned the trucks and employed the drivers and that the latter performed such services regularly. This raised a presumption that they were acting in the line of their employment and made out a *prima facie* case for her, consequently the court did not err in overruling a motion for a peremptory instruction based on this point at the close of plaintiff's evidence. Wood v. Indianapolis Abattoir Co., 178 Ky. 188.

However, this presumption was but an inference drawn from the above facts, indicating that the drivers were acting in the line of their employment. This placed the burden upon defendants to disprove such presumption. They did this by uncontradicted evidence which was entirely in harmony with that introduced by plaintiff upon the same point. When the presumption in plaintiff's favor was thus fully met by such evidence it ceased to exist and there was no issue of fact upon this point to submit to the jury. Ky. Central Ry. Co. v. Talbot, 78 Ky. 621; McGhee, Receiver v. Guyn, 98 Ky. 209; McGhee, Receiver v. Gaines, 98 Ky. 182; Rogers v. Felton, Receiver, 98 Ky. 148; Crawford v. Southern Ry. Co., 150 Ky. 741; Glassman v. Harry, 170 S. W. 403; Lincoln v. French, 105 U. S. 614.

It is also argued that heavy business trucks are to be distinguished from ordinary machines, and by reason of their weight and power are to be classed as *per se* dangerous instrumentalities, and for that reason the doctrine laid down in the Tyler and Eakins cases is not applicable. We are unable to catch this distinction. Any motive machine is dangerous when recklessly driven. If properly handled there is no reason for a truck being more dangerous than is a passenger car. Indeed, the latter is more liable to exceed the speed limit.

We deem it unnecessary to consider the other questions raised by appellants.

For the reasons indicated the court should have given a peremptory instruction at the close of all the evidence.

Wherefore, the judgment is reversed as to both appellants and case remanded for proceedings consistent with this opinion.