## Thacker v. Chesapeake & Ohio Railway Co.

(Decided Nov. 15, 1934.)

A. F. CHILDERS for appellant.

J. J. MOORE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Appellant brought this action in the Pike circuit court against the Chesapeake & Ohio Railway Company to recover the sum of $1,500 damages alleged to have resulted from its failure to erect and maintain cattle guards pursuant to an agreement entered into between it and appellant at the time the railway company acquired the right of way through appellant's land.

On January 18, 1918, appellant conveyed to appellee for right of way purposes a strip of land through two farms in Pike county. The strip conveyed was 60 feet in width and its total length was approximately 2,000 feet. Following the description in the deed is this provision:

"Necessary crossings and cattle guards to be constructed by party of the second part."

The petition merely alleged that the railway company obligated itself to construct necessary cattle guards and crossings on its right of way through the plaintiff's land and that it had failed and refused to construct or maintain such cattle guards and by reason thereof the lands of the plaintiff adjoining the defen-

dant's right of way had been exposed to stock running at large and plaintiff had been deprived of the use and benefit of his land for agricultural purposes.

A demurrer to the petition was sustained and an amended petition was filed in which these averments appear:

"It was provided in the deed which plaintiff made to defendant for the right of way described in the petition herein that the defendant should construct necessary cattle guards, and he now states that when defendant built its railroad through his lands and over the right of way as described in his petition it was then and there determined that cattle guards were necessary at seven points along said right of way, and said cattle guards were then constructed by defendant at said necessary points; which points were at cross fences along said right of way though plaintiff's land and at places where it was agreed by and between this plaintiff and the officers and agents of the defendant in charge of the work of building the fences and cattle guards along its said right of way; that the defendant constructed and maintained said cattle guards for about two years from the time said railroad was first built and then defendant allowed and permitted said cattle guards to get out of repair and in such condition that they would not and did not prevent live stock running at large in said community from passing over same and into plaintiff's fields; that defendant finally removed said cattle guards and failed and refused for about six years to have any cattle guards or any barrier at all along its right of way at points where said cattle guards had been erected and thereby caused plaintiff's land to be thrown outside; that it did about three years ago re-install cattle guards at each of the points along its right of way where the old cattle guards had been built, but he says the new cattle guards are so constructed and maintained that they will not and do not turn live stock of any kind but cattle, horses, sheep and all kinds of live stock pass over them at will and by reason thereof plaintiff's land is and has been for the last fifteen years outside and exposed to stock running at large and he has thereby been caused to lose his crops thereon and the use of his land for any and all purposes.

"That the points at which cattle guards were necessary as contemplated by the deed made by plaintiff to defendant for said right of way were mutually agreed upon by the plaintiff and defendant soon after the said railroad was constructed and it has been necessary at all times since said road was built and is now necessary to maintain cattle guards at each of said points in order to enclose plaintiff's fields and the defendant did attempt to erect and maintain said cattle guards as herein set forth pursuant to said agreement but has failed and refused and still refuses so to do, all to plaintiff's damage as set forth in his petition herein."

A demurrer to the petition as amended was sustained and, the plaintiff having declined to plead further, a judgment was entered dismissing his petition, and from that judgment this appeal is prosecuted.

Appellee relies upon section 1793 of the Kentucky Statutes and insists that it did not obligate itself to erect and maintain cattle guards other than those required by the statute, and that since there is no allegation in the petition as amended showing the statutory necessity for cattle guards, or that appellee failed to comply with the statute, the demurrer was properly sustained. Section 1793 of the Statutes reads:

"That all corporations and persons owning or controlling and operating railroads as aforesaid, shall erect and maintain cattle guards at all terminal points of fences constructed along their lines, except at points where such lines are not required to be fenced on both sides, and at public crossings. But where there is private passway across said railroad, the land-owner for whose benefit it is kept open shall bear one-half of the expense of cattle guards and gates, the former to erect the gates, the corporation or person operating the railroad to erect the cattle guards."

It has been held that under the statute a railway company cannot be required to erect cattle guards except at points where, under the fencing law, either the company or the owner may require fencing to be constructed, and that the company is not required to erect cattle guards at public crossings, or at the terminal points of fencing, until parallel lines of fencing have been constructed along both sides of the railroad. Par-

194

rish v. Louisville & Nashville Railroad Co., 126 Ky. 638, 104 S. W. 690, and cases therein cited.

In the instant case the deed provided that necessary crossings and cattle guards should be constructed by the railway company. Obviously this provision refers to cattle guards not required by the statute, since there was no necessity to refer to the matter in the deed if crossings and cattle guards other than those required by the statute were not contemplated by the parties. It is specifically alleged in the petition as amended that the parties to the deed agreed that cattle guards were necessary at seven points along the right of way through apellant's land, and that the places where cattle guards should be erected and maintained by the appellee were determined by the parties, and that the appellee did construct cattle guards at such places in accordance with the agreement and maintained them for a period of two years. The clause in the deed providing for the construction and maintenance of cattle guards by the railway company is not ambiguous in the sense that it might be construed as referring to cattle guards required by the statute. It clearly refers to cattle guards found to be necessary by the parties and the petition as amended alleges that the parties agreed that cattle guards were necessary at certain points along the right of way.

We conclude that the petition as amended stated a cause of action and the demurrer thereto should have been overruled.

The judgment is reversed for further proceedings consistent herewith.