## Crady v. Greer.

(Decided March 25, 1919.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

Master and Servant—Servants' Torts—Scope of Employment—Petition—Sufficiency.—Defendant's chauffeur was directed to take defendant's children to a church several blocks distant and then return to defendant's home. After taking the children to the church, he went to a gasoline station to procure gasoline. He was then only a block and a half from defendant's home. Instead of going home, he went to a place several blocks distant to attend to his own business. On his return journey he proceeded about two blocks when his machine collided with plaintiff's machine. He was then almost three times as far from defendant's home as he was when he started on his own journey. Held, that the chauffeur was not acting for the defendant at the time of the accident, but was using the machine solely for his own purposes and that the demurrer to the petition as amended was properly sustained.

WALTER L. LAPP for appellant.

ELMER C. UNDERWOOD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Wood Crady, brought this suit against defendant, Frank T. Greer, to recover damages for injuries to his automobile, caused by a collision with an automo-

bile owned by defendant and operated by defendant's chauffeur. A demurrer was sustained to the petition as amended and the petition dismissed. Plaintiff appeals.

It appears from the petition as amended that defendant lives at 1133 South Third street, in the city of Louisville. On March 4, 1917, defendant's wife directed defendant's chauffeur to take defendant's automobile and convey defendant's children to the Warren Memorial church, situated at Fourth and Broadway, and then to return to defendant's home. Pursuant to these directions, the chauffeur did take the automobile and convey the children to the church. Thereupon, the chauffeur drove the machine to Third and Kentucky streets, a point near defendant's home, for the purpose of procuring gasoline for the operation of the car. After getting the necessary gasoline, he then drove the machine in the opposite direction to First and Broadway, for the purpose of securing an attendant for his wife, who was then sick. After accomplishing his purpose at First and Broadway, he then proceeded south on First street for the purpose of returning to defendant's home. When he reached the intersection of First and Breckenridge streets his machine collided with plaintiff's machine, which was then being driven west on Breckenridge street, and it is alleged that the accident was due to the negligent operation of defendant's machine.

The liability of the defendant depends on whether the chauffeur was acting for himself or for the defendant. When the chauffeur reached the gasoline station at Third and Kentucky streets he was then only a block and a half from the home of the defendant, where he had been instructed to go, and his journey was practically completed. Instead of going to defendant's home, he turned the machine around and drove it in the opposite direction to First and Broadway, several blocks distant, solely for the purpose of attending to his own business. When the accident occurred, he was still three blocks and a half from defendant's residence. It is apparent that this is not a case of a mere deviation from the direct route, but a case where the chauffeur had practically completed the service which he owed to his master and went on an independent journey of his own, having no connection whatever with his master's work. The chauffeur had not resumed the service merely because he had accomplished his purpose at Third and

Broadway and was returning to the defendant's home when the accident occurred.

He was then almost three times as far from the defendant's home as he was at Third and Kentucky streets, when he abandoned the service of his master and started on the trip to First and Broadway. We therefore conclude that he was still using the machine solely for purposes of his own, and was not acting for the defendant when the accident occurred. Eakin's Admr. v. Anderson, 169 Ky. 1, 183 S. W. 217; Tyler v. Stephan's Admx., 163 Ky. 770, 174 S. W. 790; Healey, &c. v. Cockrill (Ark.), 202 S. W. 229.

It follows that the demurrer was properly sustained. Judgment affirmed.