## Wyatt v. Hodson, et al.

## Lincoln Bank & Trust Company, Administrator v. Same.

(Decided June 2, 1925.)

### Appeals from Jefferson Circuit Court (Common Pleas Branch, Third Division).

Master and Servant—Automobile Dealer Held Not Liable for Negligence of Salesman Driving Car for Personal Purpose.—Where a proposed customer, to whom defendant automobile dealer's salesman intended to demonstrate a car, was not at his office when salesman called, the salesman was then unauthorized to use the

car for his personal purpose, and, where he did so and met with an accident while using a route beyond that required in the service of the dealer, the latter was not liable for the salesman's negligence in driving the car.

MORTON K. YONTS and MERIT O'NEAL for appellants.

EDWARD P. HUMPHREY, P. H. SAVAGE and LOUIS SEELBACH, JR., for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming in each case.

On June 5, 1922, John Wyatt was in charge of a small wagon from which he sold ice cream near the curb on the east side of Jefferson street in Louisville about midway between Hancock and Clay streets. Charles W. Bruck, a newsboy, was standing by his bicycle near the curb eating some ice cream he had bought from Wyatt. An automobile owned by the Hodson Motor Car Company and operated by Joseph Cornish, a salesman of the company, was driven up the street at forty or forty-five miles an hour and in swerving from the street car track swerved to the side of the street, knocking over John Wyatt's wagon and killing Bruck, who was standing with his back to the approaching car. Wyatt was seriously injured. He filed the first of these actions against the motor car company to recover for his injury. An administrator was appointed for the estate of Charles Bruck and it filed the second action to recover against the motor car company for the death of its intestate. The two actions were heard together and at the conclusion of the evidence for the plaintiff the circuit court instructed the jury peremptorily to find for the defendant. The plaintiffs appeal. The facts are these:

W. L. Bradshaw on June 2nd went to the Hodson Motor Car Company to look at a car. He found one that he thought would suit him but it was in the paint shop. He paid $5.00 on the car in order to hold it if he would want to purchase it on further inspection. He made this arrangement with Joe Cornish, one of the salesmen. On June 5th he took the car out and tried it but it did not work satisfactorily. However, he then paid $95.00 and gave his note for the remainder of the price of the car, secured by a mortgage on it. Cornish agreed to put the car in the shop and fix it so that it would work satisfactorily. After this business was transacted Cornish told

Bradshaw that he was going down to the Plaza Hotel in a Columbia touring car to demonstrate it to a man named Mahoney who conducted a restaurant opposite the hotel. He asked Bradshaw to go down with him in the car. Bradshaw's office was at Sixth and Jefferson, only a short distance from the hotel, so he got in the car under an agreement with Cornish that Cornish would bring him back to the garage of the Hodson Motor Company to get the car he had purchased, when the work on it was done. When they reached the Plaza Hotel the proposed customer was out and while they were there Bradshaw, having communicated by phone to his office, decided to go back in the car to the garage and get his car. A friend of his, W. M. Loeher, who was an expert in cars, came along and at Bradshaw's request agreed to go back with him to the garage and look over the car to see if it was all right. Cornish also invited him to go. Before they started, or about that time, a man named Hutchins came along who had bought a tire at the garage a few days before which was too large for his car and he wanted to return it and get a smaller tire. Cornish invited him to get in the car, saying he would take them all out to the garage. They were then near the Plaza Hotel on Fifth street. Cornish drove the Columbia car north on Fifth street to Jefferson and then east on Jefferson. Brook street is six squares east of Fifth. The garage was on Brook street, two and one-half squares south of Jefferson, so that when they reached Brook street all Cornish had to do was to turn south and go two and one-half squares to the garage. But as they went along he said to Bradshaw that he wanted to take him out and show him his apartment, some distance east of Brook on Jefferson. Bradshaw said he didn't want to see the apartment and wanted to go and get his car. The conversation seems to have occurred only between Bradshaw and Cornish; Bradshaw insisted more than once upon going directly to the garage and Cornish replied that they had plenty of time, that his car wasn't ready yet. When they reached Brook street as they went east on Jefferson, Cornish continued on up Jefferson and when he had gone about four and one-half squares farther the accident occurred.

The question presented is whether on these facts Cornish was serving his employer at the time of the accident or was driving the car only for a purpose of his

own. The evidence leaves no doubt of criminal negligence on the partof Cornish in driving the car as he did. He has been convicted of involuntary manslaughter for the killing of Bruck so the only question is as to the liability of the car company for his acts. In vol. 2, R. C. L., p. 1198, the general rule is thus stated:

"The general test of the master's liability is whether there was authority expressed or implied for doing the act in question. If it is done within the course of, and within the scope of, his employment, the master will be liable for the act, but a master is not liable for every wrong which the servant may commit during the continuance of the employment, and liability can occur only when that which is done is within the real or apparent scope of the master's business.

"The owner of an automobile is not liable to one who is injured by the negligence of his chauffeur while operating the machine without his knowledge or permission, and for a purpose other than that for which he was employed, as where the driver is on an errand personal to himself, or is making a detour for his own purposes."

In Tyler v. Stephans, 163 Ky. 773, the rule is thus stated by this court:

"However, the master is not liable for every wrong which the servant may commit during the continuance of the employment. The liability can only arise when the act done is within the real or apparent scope of the master's business. Hence, when a servant steps outside of his employment to do an act for himself not connected with his master's business no liability attaches."

This rule was followed in Eakin v. Anderson, 169 Ky. 1; Wood v. Indianapolis, &c., Co., 178 Ky. 188, and Stewart v. Lafoe, 194 Ky. 655.

The Plaza Hotel was about one-half mile west of the garage. The point of the accident was about one-half mile east of the garage. Cornish had in the car three men whom he was conveying in the course of his employment, so long as he was conveying them to the garage. But when he left Brook street he left the garage behind him and from that time until the accident was going

away from the garage.   It is not material whether he was
going out eastward on Jefferson street for the purpose
of taking Bradshaw to see his apartment or was going
to the apartment for a personal purpose of his own or
was simply taking a joy ride.   Of course it cannot be de-
termined now when he would return to the garage or by
what route.   He had taken the touring car from the gar-
age in the service of his employer for a definite purpose,
that was to demonstrate it to the proposed customer on
5th street.   When that customer was not there he was
without authority from the master to use the car for his
personal purposes.   When he passed Brook street and
went a half mile east on Jefferson he was discharging no
duty he owed the master.   He was simply running the
car for some purpose of his own.   This is not a case of a
mere deviation from a route but is a case of going beyond
the route required in the service of the master, and in
doing this he was acting for himself and not in the course
of his employment.   Fleischner v. Durgin, 207 Mass.
435, 20 Ann. Cas. 1291; Provo v. Conrad, 130 Minn. 412;
·Healey v. Corkrill, 133 Ark. 327; Ursch v. Heier, 241 S.
W. 439; Drobnicki v. Packard Motor Car Co., 212 Mich.
133; Northup v. Robinson, 33 R. I. 496; Dowdell v. Beas-
ley, 205 Ala. 130.

Judgment in each case affirmed.   Whole court sit-
ting.   Judge McCandless dissenting.