## Fleichmann Company v. Howe.

(Decided February 16, 1926.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1.  Automobiles—Injury to Pedestrian Held Result of Negligence of Truck Driver.—Injury to pedestrian, walking along edge of traveled way, at such point as not to interfere with passage of vehicles, held result of culpable negligence on part of driver of defendant's truck, which struck him.

2.  Automobiles—Master Liable for Injuries by Chauffeur, where Departure from Master's Business was Temporary.—Master is liable for injuries inflicted by chauffeur, where departure from master's business was only temporary, amounting to deviation, and, to exonerate master from liability, it is essential that deviation or departure should be for purposes entirely personal to servant.

3.  Automobiles—Truck Driver Deviating from Route Held Not to have Abandoned Master's Business.—Where truck driver for yeast company, after making delivery, had deviated from return route a block or two to go by his father's home for some money he had left, he had not so completely abandoned his master's business as to defeat company's liability for injury inflicted on pedestrian by striking him with truck while on such detour.

HUMPHREY, CRAWFORD & MIDDLETON for appellant.

DOOLAN & DOOLAN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee, Howe, was struck, knocked down and injured by the truck of appellant company while he was walking along one of the streets of the city of Louisville, and later instituted this action against the company to recover damages. From a verdict and judgment in his favor for $1,610.00 the company prosecutes this appeal. Howe, a workman, about sixty-eight years of age, was walking east along the right-hand side of the street when the truck came up behind him and struck him. According to the evidence it gave no signal of its approach. The traveled part of the street was about 28 to 30 feet wide at the point of the accident. There were no other vehicles upon the road except an automobile approaching in the opposite direction and at the time some 40 or 50 yards away. Just why the truck struck appellee, Howe, is not explained, for he was at a place where he had a right to be and there was plenty of room on the traveled part of the street for the passage of all vehicles such as the truck. Howe says he was off the driveway walking along a grassy path at the time he was struck, but other evidence tends to show he was walking along the edge of the traveled way but not at such point as to interfere with the passage of vehicles. It, therefore, appears that the accident was the result of culpable negligence on the part of the driver of the vehicle.

Appellant, Fleichmann Company, admits the accident and injury but by way of defense says that the driver of the truck had abandoned his employment to that company and was pursuing, for the moment, business of his own—the driver had temporarily abandoned the employment of the master. The facts with respect to the abandonment are about as follows: The truck was being driven by Johnson Scudder for appellant company. He was regularly in charge of the work and had been for some time before the accident. On the day of the accident he started to work at seven o'clock in the morning. The accident happened about 9:30 or 10 o'clock. It was his duty to make special deliveries of yeast to customers of the company and to do so he employed a Ford truck on the side of which was the name of appellant company in large letters. A few minutes before the accident a customer called appellant company on the phone and ordered yeast, which required a special

delivery. Immediately Scudder was sent with the truck to deliver the yeast to the groceryman at a point not far from where the accident happened. After delivering the yeast Scudder, according to his evidence, drove around Brownsboro road, on which the accident happened, to the next corner and then turned in the direction of the company's office, intending, as he says, to go by the home of his father and get some money which he had left there, and then proceed to the office. He did go back to the office and continued work that day.

It is the contention of appellant company that Scudder had abandoned the employment of the company at the time of the accident and was engaged in a trip entirely for his own benefit, and in argument it says in brief of counsel that where the servant is engaged on business of his own and is acting wholly outside of the scope of his employment and on no business of his master, the master is not responsible for the torts of the servant. In substantiation of this proposition, which we conceive to be correct, the appellant cites the cases of Tyler v. Stephens, 163 Ky. 770; Eakins v. Anderson, 169 Ky. 1; Crady c. Greer, 183 Ky. 675; Mullins & Haynes Co. v. Crisp, 207 Ky. 31; Wyatt v. Hodson, 210 Ky. 47.

Appellee Howe insists that Scudder, the driver of the truck, had not abandoned the business of the master, but was only temporarily, if at all, pursuing a matter only slightly connected with the master's business, and in support of his position says that where the existence of the relationship of master and servant is established, a departure of a block from a route of approximately forty blocks for the servant's own purpose is a mere deviation, and the master is liable for the torts of the servant occurring at such time. Further arguing he says that in this case the servant had entered the service of the master and was to return to his master's place of employment, but deviated from the route of approximately forty blocks to the extent of only one block, such deviation being for the purpose "to get money that I left," and the employee being a special deliveryman for his employer, with presumed authority to collect for such deliveries, and there being no contradiction that this money left at home was other than collections for his employer, and the injury occurring in the one block deviation, the employee was on the master's business and he is liable for the servant's torts, and relies upon

exactly the same Kentucky cases cited by appellant in its brief.

In the Tyler-Stephens case, *supra*, it was held that where the chauffeur, instead of returning the automobile to the garage in accordance with general instructions, and without the knowledge or consent of the owner, took the car on a journey exclusively his own and having no connection with the owner's business, the owner was not liable for an injury occurring on the journey. In the opinion it was said:

> "The reason for the rule is that beyond the scope of his employment a servant is as much a stranger to his master as a third person. In every such case the proper inquiry is, was the servant engaged in serving his master? If the act be done while the servant is at liberty from the service and pursuing his own ends exclusively, the master is not responsible. . . . In this case the uncontradicted proof shows that the chauffeur, after taking Mrs. Tyler and the members of her family to the Wood residence, had performed all the service he was then required or expected to perform. It was then about two hours and a half until he was expected to return for the defendant's family. Instead of following the directions of the defendant and returning to the garage he took the machine and set out on a journey that had no connection whatever with his master's business. . . . The facts show that the chauffeur had no authority, either express or implied, and the trip was not taken for the purpose of furthering the business of the defendants. It was an independent journey, exclusively his own."

In the case of Eakins v. Anderson, *supra*, the chauffeur took the automobile from the garage of his master at a time and to a place out of all proportion to what was reasonably necessary for his specially required service, and we held that under the facts of that case the chauffeur was engaged in his own private affairs and the master was not liable. After reviewing some cases, we said:

> "In both of these cases it will have been noticed that the deviation or abandonment was from a service for the master, to do which the servants

had started out, and that in the first case the deviation was one of a few blocks from a journey of sixteen blocks, and in the latter case it .was a short distance from what was probably a trip of long distance compared with the deviation. Both of these cases are distinguished from the case at bar by the fact that the deviations were short in comparison with the whole trip, and by the fact that the trip was begun and ended in the master's service; while in the case at bar, the trip on the servant's business was eight times the distance of the trip he was directed to take for the master, and at the time of the accident he was still more than three times the distance he was directed to go away from and beyond the place to which he was directed to go; and of still greater importance he did not start out in the service of the master, but to serve his own purposes.''

In Crady v. Greer, *supra*, the chauffeur, after taking the children of his master to a church, went on a long journey exclusively his own, and ran into the car of another, causing an injury. We said:

''He was then almost three times as far from defendant's home as he was at Third and Kentucky streets, when he abandoned the service of his master and started on the trip to First and Broadway. We, therefore, conclude that he was still using the machine solely for purposes of his own and was not acting for the defendant when the accident occurred. . . . It is apparent that this is not a case of mere deviation from the direct route but a case where the chauffeur had practically completed the service which he owed to his master and went on an independent journey all his own, having no connection with his master's work.''

The case of Mullins & Haynes Co. v. Crisp, 207 Ky. 31, arose out of a collision between two trucks, the drivers of which were negligent, neither one being in the service of his master at the time of the accident but in pursuit of an object exclusively his own, and we held that under the facts developed the case should not have been submitted to the jury.

In the Wyatt-Hodson case, 210 Ky. 47, the salesman of an automobile concern took a car to drive to a certain

point for the purpose of demonstrating it to a proposed customer, and finding the customer absent from his place took the car for a trip on his own account, and while driving upon that journey ran into and caused the injury of which complaint was made, and we held that the employer of the salesman was not liable for the injury which happened while the agent was on business of his own.

In this case appellee, Howe, was injured when the employe of appellant company had deviated from the delivery trip about one block for the purpose of getting money left at the home of his father, at which place he lived. He was not more than one or two city blocks out of the direct route which his master expected him to take in delivering the yeast and returning to his master's place of business. To say that he was not in any sense pursuing the employment of his master in varying on his return route only a few blocks, with the fact he was deliveryman for his employer, and clearly presumed to collect for deliveries, and that the money for which he was returning home was his employer's, would be to view the situation in other than the most common sense of a natural situation, observes appellee.

There is a distinction in legal effect between a deviation and an abandonment in these cases. If the chauffeur in the instant case had merely deviated from the most direct course but had not wholly abandoned the business of the master, the master is liable. The question, therefore, is, did the chauffeur abandon the services of the master or merely deviate from it?

The generally accepted rule, as expressed in the many opinions of courts throughout the country, makes the master liable for injuries inflicted by the chauffeur where the departure from the master's business was but temporary, amounting to no more than a deviation, the chauffeur taking a more circuitous route in the performance of his master's business than was necessary but which route was not greatly out of proportion to the distance which it should have been necessary for the chauffeur to have traveled had he directly followed the instruction of his master. In all such cases it is held that a deviation does not relieve the master of liability for an injury inflicted by the chaugeur. "Since to exonerate the master from liability it is essential that the deviation or departure should be for purposes entirely personal to the servant, where the servant is, notwithstanding the deviation, engaged in the master's business within the

scope of his employment, it is immaterial that he joined with this some private business or purpose of his own." 39 C. J. 1297.

The chauffeur in this case was merely returning from delivering the yeast by a route a block or two longer than was necessary, but he was on the way to the place of business of his master in pursuance of his duties. He was simply going by the home of his father to get some money but with the intention of going immediately to the place of business of appellant, yeast company, and of performing other duties for that company and with no purpose of abandoning his service to that company. In fact, he had been at work for the company for several months and on that day had begun at seven o'clock and had been regularly in its employment throughout the day up to the time of the accident and continued therein throughout the day. Under the facts and circumstances of this case it would seem clear that the driver of the truck had merely deviated from the direct course which would have led him back to the place of business of his master to take a little more circuitous route to the same place, but that in doing so he did not completely abandon, even for a moment, the service of his master, and not having done so his acts were the acts of his master, and his master is liable for the injury occasioned to appellee, Howe.

For the reasons indicated the judgment is affirmed.