## Winslow v. Emerson.

(Decided October 18, 1927.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1.  Master and Servant.—Defendant held not liable for injury to plaintiff's car resulting from collision with car driven by defendant's employee, where employee at the time was on own errand

and not on the business of the defendant, notwithstanding employee had no license under Ky. Stats., section 2739g-15, providing that before any person should employ a chauffeur, as defined by section 2739g1(c), the chauffeur should register with the commission.

2. Master and Servant.—Ky. Stats., section 2739g-15, requiring chauffeur, as defined by section 2739g1(c), to have license before he should operate automobile and before any person, firm, or corporation should employ him, held inapplicable to an employee without license at time of accident, when he was not driving automobile on employer's business for compensation, wages, or hire.

FRED FORCHT, for appellant.

STANLEY B. MAYER, for appellee.

.OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

George H. Everson brought this action against B. V. Winslow and William J. Light to recover for injuries received by him and for the damage to his car by reason of a collision between his car and a car operated by William J. Light. On the trial of the case he recovered judgment for $780 against both the defendants. Winslow appeals. The facts are these. Winslow owned and operated a drug store at the corner of Dumesnil and Twenty-Eighth streets, in Louisville. He employed Light as a clerk in the store and also had several other clerks. He owned an automobile which was used for the business of the store, by either Winslow or Light or one of the other clerks, as convenience required. Light for several years owned a car of his own, and was an experienced and competent driver. Light lived two squares from the store. The evening before it was raining, and Winslow allowed Light to take the car down to his house and put it in his garage that night. In fact, he often did this. The next morning Light got in the car and started up to a wholesale house to get some goods for the store. In doing this he was within the scope of his employment. The wholesale house was located at Sixth and Main, which was north and east of the drug store. Light went east until he reached Sixth street, then he should have turned north and come up Sixth street to Main to reach the wholesale drug house. But he was acquainted with a young lady who lived two or three miles southeast of the point where he was. He concluded to go out, get this

young lady and bring her in. So instead of going north at Sixth street, he turned south and went away from the wholesale house, going south and east for something over two miles, when the accident occurred before he reached the young lady's house. It was a wet morning and as he was approaching Everson, who was coming in the opposite direction, the car skidded and the collision with Everson's car ensued.

There is no dispute about the facts. The only question presented is, Is the employer liable for the negligence of his employee, under the circumstances? In Tyler v. Stephan's Adm'x., 163 Ky. 770, 174 S. W. 790, it was held that the master is not liable for damages due to the negligence of the servant while on a trip exclusively his own and having no connection with the master's business. In Eakin's Adm'r. v. Anderson, 169 Ky. 1, 183 S. W. 217, Ann. Cas. 1917D, 1003, where the servant made a side trip of several blocks on an errand of his own, and the accident occurred at a point beyond and twice as far from the place to which he was directed to go, it was held he was not in his master's service and the master was not liable. To the same effect are Crady v. Greer, 183 Ky. 675, 210 S. W. 167; Mullen & Haynes Co. v. Crisp, 207 Ky. 31, 268 S. W. 576; Wyatt v. Hodson, 210 Ky. 47, 275 S. W. 15. These cases are conclusive that the master here is not responsible, unless on other grounds. Section 2739g15, Kentucky Statutes, provides:

> "Before any chauffeur shall operate or drive an automobile upon any public highway in this commonwealth, and before any person, firm or corporation shall employ any chauffeur as defined under this act, said chauffeur shall register with the commission through the clerk in the county in which he resides or intends to operate as such."

Light had no license under this statute. Appellant insists that Winslow had committed a misdemeanor in allowing Light to operate the car without a license, and that Light was not competent without a license to drive a motor vehicle, and Winslow knew this, as he knew he did not have a chauffeur's license; and that he is responsible for the negligent acts of Light whether acting upon Winslow's business or using the car in his own behalf. It has been held in a number of cases that the owner of an automobile, who intrusts it to an operator whom he

knows to be incompetent, is liable for a collision due to his negligence. This is on the ground that an automobile is a dangerous agency on the public highway and should not be intrusted to one known to be incompetent to control it. But Light had owned a car for several years and had operated Winslow's car often, and there is no evidence that he was not thoroughly competent to operate the car. But it does appear that he had no license. Section 2739g1(c), Ky. Stats. thus defines the word "chauffeur":

> "Whenever and wherever the word 'chauffeur' is used herein, it shall mean a person whose business or occupation, in whole or in part, is the operation of an automobile for compensation, wages or hire."

Clearly Light was not operating the car for compensation, wages or hire when the accident in controversy occurred. He was operating the car in the course of his employment until he turned aside from the trip to the wholesale drug house, but after this he was going in the opposite direction for over two miles before the accident occurred on an errand purely of his own. The definition of "chauffeur" in the act excludes the application of section 2739g15 to Light under the facts occurring here.

Under the evidence, Winslow's motion for a peremptory instruction in his favor should have been sustained.

Judgment reversed and cause remanded for further proceedings consistent herewith.