## Model Laundry v. Collins.

(Decided November 20, 1931.)

192

TURNER & CREAL, and BLAKEY, DAVIS & LEWIS for appellant.

LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

E. W. Collins brought this action against the Model Laundry to recover for the injury of his automobile when struck by a truck belonging to it. On the trial of the case he recovered a verdict and judgment for $245.22. The defendant appeals.

The facts of the case are these: The laundry is located in Frankfort on the corner of Clinton and Lewis streets, about three squares northeast from the corner of Main and St. Clair. The manager of the laundry, on the morning in question, had some hats at the Shoe Shine Parlor, which is on St. Clair about two doors south of the corner of Main. He had an order waiting for one of the hats and told a colored boy, named Cornelius O'Banion, who was working for the laundry, to go up to this Shoe Shine Parlor in the truck, get the hats, and come right back. O'Banion got in the truck and went to the Shoe Shine Parlor and got the hats. While he was there, Joe Condor, a colored man whom he know, came along and asked him if he was going to South Frankfort. O'Banion said that he was. Condor told him that he had left his raincoat at his home, which was near the corner of Second and Murray in South Frankfort, and asked him to take him over there to get it. O'Banion agreed to do this. Condor got in the truck. They went south on

St. Clair street, across the bridge over the Kentucky river, and then up Second street, east to Murray. There Condor got out to get his coat and O'Banion turned the truck around, and they came back as they had gone. As they were crossing the bridge there was a buggy meeting them. O'Banion cut the truck around and put on his brakes. It was raining. The floor of the bridge was wet and he was going fast down an incline. The truck skidded and struck the car of Collins, which was going over the bridge in the opposite direction and on the other side of the driveway. The cost of repairing the injury to the car was $245.22. At the time of the collision O'Banion was something over a square south of the Shoe Shine Parlor and about a half square beyond Wapping street, which runs parallel to Main.

The first question presented is: Was O'Banion acting in the service of his master, and is the laundry company responsible for his acts? In 42 C. J., p. 112, sec. 871, the rule is thus stated:

"Although there is authority to the contrary, the mere fact that the chauffeur after having made an unauthorized use of his employer's vehicle for purposes of his own is returning with it does not, according to the generally accepted rule, reinstate him within the scope of his employment so as to render his employer liable for his acts, but he must have returned to the point of his departure from his duties, or to a point where in the performance of his duties he is required to be: in other words, the relationship of master and servant is regarded as suspended during the entire time during which he employs the vehicle until he has returned it to its proper place."

To the same effect, see Crady v. Greer, 183 Ky. 675, 210 S. W. 167, and cases cited.

O'Banion was sent in the truck up to the Shoe Shine Parlor to get the hats; instead of going back to the laundry, which was northeast of him, he went south across the Kentucky river and up Second street to Murray, about eight squares, to get the raincoat of his friend Condor, and when he was returning from his mission, which he undertook in direct violation of his orders and which he was performing not in his master's service, but in the service of Condor, and when he was still more

than a square south of the Shoe Shine Parlor, where he began the mission of Condor, the accident occurred. Under the authorities above cited, it is very clear that O'Banion had departed from the service of the master and that he had not returned to the service of his master when the collision occurred.

The defendant introduced proof that O'Banion had said out of court that he went over to South Frankfort to deliver a dress for the laundry company. He denied making this statement. His statements out of court were only competent to contradict him as a witness, but not as substantive testimony. His testimony on the trial is confirmed by the manager of the laundry, who is entirely uncontradicted. The manager stated he was present when O'Banion started with the truck and he had no dress to deliver. He was asked if the woman named had not then a dress there to be cleaned. He said the books would show and was asked to examine the books and see and said he would, but he was not recalled to the stand or examined further as to what the books showed. The manager's evidence is uncontradicted that he told the driver to get the hats and come right back.

It is insisted for appellee that O'Banion could not turn the truck around on St. Clair street at the Shoe Shine Parlor and had to go down as far as Wapping to turn. It is said that people often cross the bridge to turn around when Wapping street is obstructed, but O'Banion did not go across the bridge to turn; he went across the bridge to go to Condor's house and get the raincoat, and he did go there. Besides, there is no evidence that there was anything to prevent his turning at Wapping street when he got there.

The court did not err in overruling the motion for a peremptory instruction at the conclusion of the plaintiff's evidence. Winslow v. Everson, 221 Ky. 430, 298 S. W. 1084. But on the evidence for the defendant the court should have so instructed the jury.

On another trial the court will allow the defendant's manager to state the general instructions given all its truck drivers as to the use of the trucks for other purposes than those on which they were sent.

Judgment reversed, and cause remanded for a new trial.