## Packard-Louisville Motor Co. v. O'Neal (and three other cases).

(Decided March 24, 1933.)

(Common Pleas Branch, Fourth Division).

CHARLES W. MORRIS for appellant.

FINLEY F. GIBSON, Jr., PERCY SHUMATE and EUGENE MOSELY, Jr., for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

Appellees were residents of Covington, Ky. Tney went to Louisville in their car en route to Lakeland, Ky., and about 11 a. m. on Sunday June 8, 1930, as they were going northward on Thirtieth street at the intersection of Chestnut, the Ford sedan in which they were riding was violently struck by a Packard sedan owned by the Packard-Louisville Motor Company and driven by William Hattemer. Appellees brought these suits to recover for their injuries, and, judgments having been rendered in their favor against the motor company aggregating $5,732.90, the motor company appeals.

The only question presented is whether the motor company is liable for the acts of William Hattemer. The facts are these: The motor company sells cars and repairs used cars. It does not rent its cars or let them out for hire. F. B. Morrision was the president of the company; A. L. Moser the service manager; Charles Tumey assistant manager; and William Hattemer worked in the repair shop during the week, but did not ordinarily work on Sunday. He was a nephew of A. L. Moser. On Friday, June 6, the sister-in-law of Mr. Moser died, and the funeral was set for Sunday June 8, at 2:30 p. m. On Saturday Moser phoned to his assistant Tumey, asking him to obtain for him a car of the company to drive to the funeral the next day. He also asked that his nephew William Hattemer be allowed to drive the car to the funeral. This was agreed to. The next morning Hattemer was engaged in repairing the car of another; work that he was doing on his own account and not for the company. When

he finished his work, he went to the motor company's place of business in the southeastern part of the city and asked the man in charge where the car was. The man pointed out the car to him, and told him that it was ready. Hattemer took the car out and went to his home with it. This was about 11 a. m. His home was at Thirty-Fourth and Main streets. When he got there, finding that dinner was not ready, he decided to go for a little pleasure ride, and invited his brother to go with him. They first drove to Thirty-Second and Jefferson streets to see a friend for a few minutes, then they drove south on Thirty-Second street to Chestnut street, and were proceeding east on Chestnut about 12 o'clock when the accident occurred at the intersection of Thirtieth street. The funeral was to take place at Moser's home at Twenty-Seventh and Market streets that afternoon at 2:30. Hattemer was in fact not going to the funeral at the time of the collision; he was, under the proof, taking his brother for a ride; but he had obtained the car for the purpose of taking it to Moser. Main street runs east and west; south of it are Market, Jefferson, Liberty, Walnut, and Chestnut. The numbered streets run at right angles to them; the numbers increasing as one goes west.

The general rule as to the responsibility of the owner of an automobile for the negligent injury of another by the operator is thus stated in 42 C. J. p. 1075, sec. 833:

> "The owner of a motor vehicle who is operating it, or who is present controlling its operation by a third person, is liable for injuries occasioned by its negligent or wrongful operation, but in the absence of statutes imposing liability or of personal negligence upon his part, mere ownership of an automobile does not render the owner liable for an accident occurring when it is driven by another person, and he may, according to the great weight of authority, be held liable for its negligent or wrongful operation by a third person only upon principles rendering the principal or master liable for the acts of his agent or servant."

This rule was applied by this court in Louisville Lozier Co. v. Sallee, 167 Ky. 499, 180 S. W. 841, 843, where the president of the company was using a car belonging to it taking a lady to church and allowed the lady to drive the car, the court said:

"As we view it, there is nothing in any of that testimony to support a finding by a jury that Lothrop was at the time of the accident in any wise engaged in the business of the company, and therefore we conclude it was error to refuse the peremptory for appellant. * * *

"Numerous cases are cited in each of the above cases, in all of which the doctrines announced harmonize, and fix the responsibility upon the party whose purposes and undertakings are being served at the time of the accident. The automobile in the present case was clearly being used in the furtherance of purposes and undertakings of the appellant, Lothrop, so as to constitute Miss Harbison his agent, and to render him responsible for her negligence, if any."

In Saunders' Executors v. Armour & Company, 220 Ky. 719, 295 S. W. 1014, 1015, the court again thus stated the rule:

"A party is responsible only for the acts of another when the relation of principal and agent or master and servant exists. Where it is sought to hold one responsible in damages for what another person has done, the party seeking to recover must establish the relation of master and servant or principal and agent, if it is denied. * * *

"This case cannot be distinguished from other cases holding that the master was not responsible for the acts of the servant when the servant was not engaged in the business of the master. Mullen & Haynes Co. v. Crisp, 207 Ky. 31, 268 S. W. 576; Crady v. Greer, 183 Ky. 675, 210 S. W. 167; Keck's Adm'r v. Louisville Gas, etc., Co., 179 Ky. 314, 200 S. W. 452, L. R. A. 1918C, 654; * * * Eakin's Adm'r v. Anderson, 169 Ky. 1, 183 S. W. 217, Ann. Cas. 1917D, 1003; Tyler v. Stephan's Adm'x, 163 Ky. 770, 174 S. W. 790."

Hattemer was selected by Moser to drive the car, and was Moser's agent for this purpose. But Moser is not sued here. The motor company simply lent the car to Moser for the funeral. The rule is well settled that the owner of a car who lends it to another for such a purpose is not ordinarily liable for his negligence in driving the car. If Moser had been driving the car

himself at the time of the collision, ordinarily the motor company would not be liable for his negligence, and it is equally not liable for the negligence of Hattemer, whom Moser selected to drive the car for him. Hattemer was in no wise serving the motor company. He was not working for it that day. He was simply acting for his uncle to get the car to the funeral.

In addition to this, at the time of the collision Hattemer was not taking the car to the funeral, but was simply taking his brother out for a ride. He did not receive the car for this purpose, and, in so using the car, he departed from the purpose for which the car was delivered to him by the motor company. In 42 C. J. p. 1099, sec. 861, the rule is thus stated:

"To impose liability upon the owner for the act of the driver of his motor vehicle under the law of master and servant the driver must be acting within the scope of his employment, and the use of the vehicle must have been in the service of the owner or while about the owner's business, and if it is not being so used, it is not material whether or not its use is by the permission of the master."

These principles were applied by this court on facts not unlike this case in the following cases: Wyatt v. Hodson, 210 Ky. 47, 275 S. W. 15; Winslow v. Everson, 221 Ky. 430, 298 S. W. 1084; Model Laundry v. Collins, 241 Ky. 191, 43 S. W. (2d) 693; and in these cases a number of other authorities are cited. Very clearly here, under the proof, Hattemer had departed from the purpose for which the motor company had delivered the car to him, no less than in the cases above cited, and, under the rule which is thus well established, the motor company is not liable for his negligence while so using the car for another purpose, for the funeral was at 2:30, and they were taking this ride because dinner at Hattemer's home was not ready, and the collision occurred in about thirty minutes after they started and before they returned for dinner.

The cases relied on by appellees to sustain a recovery do not conflict with those above cited, but rest on different principles. While there is some conflict in the authorities in other states on this subject, the Kentucky rule, as stated in the cases above cited, is in accord with the weight of authority.

The circuit court erred in excluding evidence offered by the motor company showing the circumstances and for what purpose the car was delivered to Hattemer. All of this evidence should have been admitted. Hattemer was introduced as a witness for the plaintiff, and testified to the above facts. His testimony was uncontradicted, and on the proof the court should have instructed the jury peremptorily to find for the motor company.

Judgment reversed, and cause remanded for further proceedings consistent herewith.