### KUERNER v. NATIONAL CASH REGISTER CO. (two cases).

### Nos. 213, 214.

District Court, W. D. Kentucky, Louisville Division.

Jan. 22, 1942.

James B. Young and David A. McCandless, Jr., both of Louisville, Ky., for plaintiffs.

Robert P. Hobson and Woodward, Dawson & Hobson, all of Louisville, Ky., for defendant.

MILLER, District Judge.

The plaintiffs filed these separate actions to recover damages for personal injuries suffered in an automobile accident. At the close of all the evidence the Court sustained the motion of the defendant for a directed verdict in its favor in each case. The plaintiffs have filed their respective motions for a new trial.

The verdicts for the defendant were directed because in the opinion of the Court the uncontradicted evidence showed that Nidiffer, a salesman of the defendant National Cash Register Company, was at the time of the accident acting outside the scope of his employment and not engaged in his employer's business. He had been calling on prospects in Elizabethtown, about fifty miles directly South of Louisville, during the day. His duties called for him to interview prospects the next day in and around Glasgow, Kentucky, about fifty-seven miles directly South of Elizabethtown. He was operating his own car in making these calls. After completing his calls in Elizabethtown on the day in question, instead of spending the evening and night at Elizabethtown or Glasgow he started back to Louisville, which carried him due North and in exactly the opposite

direction from the way to Glasgow. The accident in question occurred after he had driven about forty miles towards Louisville, and when he was just outside the city limits of that city.

The case is clearly controlled by the decisions of the Kentucky Court of Appeals in Keck's Administrator v. Louisville Gas & Electric Co., 179 Ky. 314, 200 S.W. 452, L.R.A.1918C, 654; Wyatt v. Hodson, 210 Ky. 47, 275 S.W. 15; and Roselle v. Bingham, 242 Ky. 496, 46 S.W.2d 784. The general principles of law applicable are discussed in Tyler v. Stephans' Adm'x, 163 Ky. 770, 174 S.W. 790, although the facts of that case are not particularly in point. In the Keck case the accident occurred after the employee had finished his work at the garage and was on his way home. Even though he was using a machine owned by the employer, it was held that he was not acting within the scope of his employment. Plaintiffs contend that the decision is not applicable because in that case the time was definitely fixed when the employment was over, while in the present case the employee had no definite hours of employment, had no definite place of employment, and often worked at night. Those distinguishing features might exist as a general proposition, but they have no application to the day on which the accident under consideration happened. Nidiffer had quit work for the day, regardless of when that exact time might have been, at least an hour or more before the time of the accident. During that period of time he had driven forty miles in the opposite direction from where he was supposed to be the next day. The trip was taken in order for Nidiffer to spend the night at home rather than in Elizabethtown or Glasgow, and there is not even a scintilla of evidence that he was interviewing prospects or contemplated interviewing such prospects on the return trip from Elizabethtown to Louisville. There does not have to be a factory whistle or the blowing of a siren to mark the time when an employee quits his job for the day. Regardless of the time when Nidiffer usually quit on other days or of the fact that in some instances he may have worked late at night, there can be no doubt at all that on this particular day at the time of the accident he had been through with his job for at least an hour. Accordingly, the Keck case is strongly in point and controlling. The plaintiffs' further contention that Nidiffer was authorized to return to Louisville instead of staying in Elizabethtown is beside the point. Nidiffer may have had the permission to do many things which made his living conditions after finishing work more comfortable, but the permission to do such things did not mean that he was acting for his employer when he did them. He was clearly acting for himself even though there may have been an incidental benefit to the employer. In Roselle v. Bingham, supra, the employee was authorized to drive his own car at the time and place of the accident, and was on such occasion actually performing an incidental benefit to his employer, but the Court held that this authority was not part of his duty, and that the benefit conferred upon the employer was incidental to the main purpose of the trip. In Wyatt v. Hodson, supra, a deviation in the opposite direction of only a few blocks was enough to cause the Court to hold that the employee was not driving the car within the scope of his employment. In the present case the "deviation" in the opposite direction was approximately forty miles, and the car was still going in the opposite direction at the time when the accident occurred.

Plaintiffs' further contention that wherever there is substantial doubt the matter should be submitted to the jury is not as a general proposition the correct one. It applies to an existing difference as to the facts; it does not apply where the doubt involves a question of law. In the present case there is no material difference in the evidence concerning the facts. Even assuming that some slight difference exists, it is certainly not enough to carry the case to the jury under the present rule as announced by the Court of Appeals in Kentucky in Nugent v. Nugent's Executor, 281 Ky. 263, 135 S.W.2d 877.

The separate motions of the plaintiffs for a new trial in each case are accordingly overruled.