Sam TAULBEE et al., Appellants,

v.

Prudie MULLINS, Appellee.

Court of Appeals of Kentucky.

June 24, 1960.

Willis W. Reeves, Maxwell P. Barret, Hazard, for appellants.

S. M. Ward, Scott E. Duff, Hazard, for appellee.

CLAY, Commissioner.

Plaintiff appellee recovered a judgment of $3,500 against defendant appellants for injuries allegedly caused when she was injured in a motor vehicle accident. At a former trial the jury had awarded plaintiff $175. This verdict was set aside and a new trial granted by the circuit judge. Defendants claim this was error.

Plaintiff was riding in a coal truck owned by defendant Straughter Taulbee, which was being driven by his adult son, the other defendant, on a pleasure trip. The driver was intoxicated and ran off the road. Apparently plaintiff was in a like inebriated condition.

After the accident plaintiff was taken to a hospital where an examining physician found no injuries except lacerations and bruises. She was then arrested and taken to jail where she spent the night. There was evidence she engaged in an altercation that night with other female prisoners. When examined the next day by another doctor, she was found to have a fracture of the right arm and a dislocated collarbone.

Plaintiff's medical expenses were $175.40. On the first trial the jury was instructed it could allow not exceeding $175 for medical expenses. As above mentioned, that was the amount of the jury's award.

Apparently the trial court granted a new trial on the theory that if the jury found liability it must award more than medical expenses. It was so held in Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272. Defendants contend, however, that this principle applies only where it appears the medical expenses were incurred in the treatment of injuries admittedly resulting from the accident. In this case there was a real issue as to whether or not plaintiff's more serious injuries were so caused. It is contended the jury may have believed plaintiff's broken arm and dislocated collarbone did not arise out of the accident and the award of $175 was compensation for pain and suffering resulting from lacerations and bruises. On this theory the allowance of $175 had no relationship to medical expenses.

There is no way of knowing the basis of the jury's award. It is a rather strange coincidence, however, that the amount was exactly the same as that authorized for medical expenses by the instructions. The trial judge may exercise a judicial discretion in granting a new trial. Having conducted the trial, he was in a better position than we are to determine the basis of the jury verdict. We cannot say that he acted unreasonably or arbitrarily in construing it as an award of medical expenses only and this would justify granting a new trial. We find no error in this respect.

It is also contended the damages of $3,500 awarded on the second trial were excessive. We find no merit in this contention.

It is finally contended by the owner of the truck that he was entitled to judgment notwithstanding the verdict since it is clear from the evidence that his son was not operating it on his business or as his agent at the time of the accident. We agree. See Packard-Louisville Motor Co. v. O'Neal, 248 Ky. 438, 58 S.W.2d 630;

and Higgans v. Deskins, Ky., 263 S.W.2d 108, 52 A.L.R.2d 346. The judgment must be reversed as to defendant Straughter Taulbee.

The judgment is affirmed as to defendant Sam Taulbee and reversed as to defendant Straughter Taulbee.