**Claude E. WELDON and Garnett Weldon, Appellants,**

v.

**FEDERAL CHEMICAL COMPANY, Appellee.**

Court of Appeals of Kentucky.

May 1, 1964.

Vincent J. Hargadon, Louisville, for appellants.

Norman A. Curtis, Louisville, for appellee.

GEORGE O. BERTRAM, Special Commissioner.

The parties will be referred to as they appeared in the lower court, plaintiffs and defendant. Plaintiffs sued for a total of $37,811.00, alleging damages involving an automobile accident March 5, 1960. The Jefferson Circuit Court granted a summary judgment in favor of defendant on the theory that the agent of defendant company was engaged in his personal affairs at the time of the accident.

This appeal seeks reversal of the lower court and offers five reasons:

1. Genuine issues of fact existed so that it was improper to grant defendant a summary judgment.

2. Action of general agent entrusted with principal's automobile, for business and pleasure, in leaving same in a dangerous place to accomplish an object of his own, does not necessarily make the act of leaving it outside the scope of employment.

3. Notice to assistant general sales manager was notice to the employer, Federal Chemical Company, that the employer's automobile was in a dangerous place likely to cause harm to members of the public.

4. Jury question is presented whether the defendant company had reasonable time in which to repair its vehicle or have it towed to a position of safety.

5. In any event, after a showing that a vehicle is in the possession of an agent and the creation of the presumption of agency, it is improper to grant a summary

judgment that the act of the agent is outside the scope of employment.

The accident involved the automobile owned and driven by plaintiff Claude E. Weldon, with plaintiff his wife, Garnett Weldon, as a passenger. Dorris T. Morris, assistant general sales manager of defendant company, abandoned the defendant vehicle driven by him about 1:00 a. m. due to a frozen carburetor. Morris was on his way to pick up his son at a party. The abandoned vehicle, near an intersection, loomed up in the headlights of the vehicle plaintiffs were in. There were no lights on the abandoned vehicle. The plaintiff vehicle struck the defendant vehicle.

The defendant vehicle was purchased by defendant for the general use of Morris as assistant general sales manager. Morris was authorized to use this vehicle for the general business of defendant company and also for his private pleasure.

Plaintiffs lean heavily on the theory that Dorris T. Morris, employed by defendant company as its assistant general sales manager, was engaged in a permitted enterprise, since he was authorized to use the defendant vehicle for his personal use as well as business affairs, and the private enterprise by Morris being permitted tends to indicate that the leaving of the vehicle at the intersection was within the scope of his employment. With this we cannot agree. It is uncontradicted and admitted that Morris was on a purely personal mission as father going after his teenage son who was attending a party at the home of a neighbor, and that the trip had absolutely nothing to do with any furtherance of the defendant company business. This Court has, without exception, held the defendant to be without liability in such cases. See Taulbee v. Mullins, Ky., 336 S.W.2d 597, and the cases cited therein. Also Sharp v. Faulkner, 292 Ky. 179, 166 S.W.2d 62.

In reaching this conclusion we are not unaware of the other reasons given by plaintiffs; however, as we review the record, including the depositions, we think there is no evidence, either direct or inferred, that the defendant driver was on the business of defendant company at the time and place of the accident and such was not alleged in the complaint.

For the reasons given we think the trial court properly granted a summary judgment.

We recommend that the judgment be affirmed.

The opinion is approved by the Court and the judgment is affirmed.