**Stanley LAKE, Appellant,**

**v.**

**Anna SMITH and Pascal Smith, Appellees.**

Court of Appeals of Kentucky.

Feb. 26, 1971.

Rehearing Denied June 4, 1971.

W. Mallam Lake, Hartford, Thomas D. Shumate, Shumate, Shumate & Flaherty, Richmond, for appellant.

George T. Ross, Coy & Coy, Richmond, for appellees.

STEINFELD, Judge.

On December 14, 1960, appellees Anna and Pascal Smith were injured in an automobile-truck accident on a public highway near the entrance to a farm. The Smiths sued Alex Rose as the driver, and Stanley Lake as the owner of the truck and employer of Rose. On the trial Lake was

dismissed on his motion for a directed verdict but verdict was returned against Rose in the amount of $19,991.12 in favor of Anna Smith and $2,500.00 for Pascal Smith. Judgment was entered on that verdict whereupon the Smiths appealed, complaining that dismissing Lake was error. In an unreported opinion we held that from the evidence produced at the trial " * * * the jury could reasonably have found that Rose was the employee of Stanley Lake and that that question should have been presented to the jury." On the second trial the jury rendered a verdict against Lake and he was adjudged liable to the Smiths in the same amounts adjudged against Rose. Lake appeals. We reverse.

The "law of the case" rule requires that we make comparison of the evidence at the two trials to determine if the substance and probative effect of that at the second trial was equal or superior to that of the first. The rule does not prohibit us from determining whether the evidence on the second trial authorized submission to the jury. " * * * (T)he former opinion becomes the law of the case * * * only where the facts are substantially identical, or the same, upon the trial of each case." Reibert v. Thompson, 302 Ky. 668, 194 S.W.2d 974 (1946); Cf. Gossett v. Com., Ky., 441 S.W.2d 117 (1969). We have reviewed that evidence and find it less favorable to the Smiths than on the first trial, and are of the opinion that there was insufficient proof of probative value on which a jury could find that Rose was employed by Lake or that he was in the course of Lake's business at the time the accident occurred.

On the first trial the relationship of Lake and Rose was discussed and it appeared that there was enough evidence to support a verdict that Rose was the servant or agent of Lake and on his business when the accident occurred. Our former opinion indicated that Lake had an ownership interest in the tobacco Rose was to help strip. However, on the second trial the facts were more fully developed and

clearly showed the contrary. In L. & N. R. R. Co. v. Mattingly, Ky., 339 S.W.2d 155 (1960), we said that "The evidence adduced * * * on the second trial was clearly more positive and * * *" so it was here. The evidence presented on Lake's second trial showed that the truck which was driven by Rose was owned by one Beechum. Lake, who was interested in buying a truck, had taken possession of the vehicle to try it in his farm business. Lake provided gasoline and maintained the truck. He permitted Rose to use it for various purposes and to keep it overnight. Lake owned and operated his own farm. Rose was a tenant on another farm owned jointly by Lake and his brother and sisters, of which farm Lake was the general manager. Rose rented the house for money rent but served as a handyman, sometimes working on the farm owned by the Lake family and sometimes working for others in the neighborhood. When working for Lake he was paid by him.

Vernon Long was a tenant on a farm owned by Doctor Willard Lake. Long had helped raise tobacco on and had worked on the doctor's farm. Long needed help in stripping his own tobacco which was originally stored on the farm on which he was a tenant but for convenience was moved to a barn on Stanley Lake's farm. Long arranged for Rose to help him and he agreed to pay Rose $4.00 a day for his services. Rose was on his way to work for Long when the accident happened. Both Long and Lake testified that Lake had no interest whatsoever in the tobacco which Rose was to help strip.

We find no evidence that Rose was engaged by or on a mission for Lake and nothing to connect Lake with Rose's activities at the time of the accident except that the truck had been loaned to Rose by Lake and was gassed and maintained by Lake. Rose was not a regular employee of Stanley Lake although on occasions he had performed services for him. The burden was on the plaintiffs below to prove a relationship between Rose and Lake at the time

the accident occurred which would make Lake liable for the negligence of Rose. They failed to meet that burden. Under the rule announced in Packard-Louisville Motor Co. v. O'Neal, 248 Ky. 438, 58 S. W.2d 630 (1933), Lake was not responsible for the injuries and damages Rose caused. Also see Johnson-Kitchens Ford Corp. v. Shifflett, Ky., 462 S.W.2d 430 (1970).

The motion made for a directed verdict should have been sustained and the court having failed to do so Lake should prevail on his motion for a judgment notwithstanding the verdict. It is unnecessary to consider or pass on the other issues presented.

The judgment is reversed with directions to enter a judgment in favor of Lake.

MILLIKEN, C. J., and NEIKIRK and PALMORE, JJ., concur.

EDWARD P. HILL, Jr., OSBORNE and REED, JJ., dissent.

REED, Judge (dissenting).

I respectfully dissent from the majority opinion because in my judgment the majority is in the indefensible position of giving lip service to the law of the case rule but in truth ignoring it.

On a prior trial in this case the circuit judge directed a verdict in favor of the defendant, Stanley Lake, on the ground that the evidence was insufficient to establish that Alex Rose was the agent of Lake acting in the master's business on the occasion of the accident.

This court unanimously reversed that determination and held that the issues of agency and scope of employment were jury questions. On a retrial of this case, the trial judge did precisely what our prior opinion directed him to do, that is, submit the contested issue to the jury. According to the majority he should not have done what we directed him to do, but he should

have done that which we reversed him for doing on the first trial. In accomplishing this remarkable result, the majority comfortably concludes that we were and are entirely correct in the disposition of both appeals. This is a proposition I simply cannot accept.

The majority reasons first that the "law of the case rule" applies only where the facts are substantially identical or the same upon the trial of each case. I would quarrel with that as a correct statement of the legal principle involved because it appears to imply that the law of the case rule is an exception rather than generally applicable in proper judicial administration. The statement, nevertheless, is excusable because it was contained in the Reibert case which is cited in the majority opinion. In truth, the law of the case rule is generally applicable peculiarly in instances of successive appeals in the same lawsuit between the same parties. The rule itself was never meant to apply to the situation where the determined issue was the sufficiency of the quantum of evidence to create a jury issue and where a different quantum appeared on the second trial. For example, if it be decided in the first appeal that the quantum of evidence was insufficient to create a jury issue, that is what is binding. Additional evidence which creates a different quantum may be introduced and thereby create a jury issue. The rule does not change. That which is binding remains binding. Therefore, to state the proposition in the language of an exception is misleading. The rule means what it says, but that is all it means.

On its face, the majority opinion undertakes to state that on the first appeal the relationship of Lake and Rose was discussed in the unpublished opinion and it appeared that there was enough evidence to support a verdict that "Rose was the servant or agent of Lake and on his business when the accident occurred." It does not undertake to inform us, however, what evidence present on the first appeal was omitted in the second trial. of the case.

The majority satisfied itself with a statement that on the second trial the facts were more fully developed and clearly showed that there was no submissible issue concerning agency and course of employment. A comparison of the first opinion recitals with the transcript of evidence on the second trial reveals that the only evidence "more fully developed" was the testimony of Vernon Long who merely corroborated what Stanley Lake and Alex Rose had testified in the first trial and which was considered on the first appeal. How the mere addition of corroborative evidence clearly shows the contrary of that which was determined on the first appeal is a feat of mental legerdemain that escapes me in its methodology.

The majority says that our former opinion indicated that Lake had an ownership interest in the tobacco Rose was to help strip. Even a cursory examination will disclose that in view of the equivocal circumstances present concerning the scope of the relationship between Rose and Lake, the fact of ownership of a particular quantity of tobacco never was determinative one way or the other so far as the questions of agency, course, and scope were concerned in the case.

The Reibert case presents an example of testimony that was regarded as determinative on the first appeal being omitted on the second trial, and the addition of new evidence on the second trial that was absent when the first appeal was considered.

In Union Light, Heat and Power Company v. Blackwell's Admr., Ky., 291 S.W. 2d 539, 87 A.L.R.2d 264, the law of the case rule is described as universally recognized. It is grounded on convenience, experience and reason. The rule is not inflexible but is subject to exception, although the exception must be rare and the former decision must appear to be clearly and palpably erroneous. If this court clearly and palpably erred in its first opinion in this case, it should say so and confess its error. To say, as the majority

has done, that the law of the case rule is only an exceptional type of circumstance and that it can be circumvented by the mere device of introducing corroborative evidence on the second trial relevant to the same issue and thereby securing an opposite result on a second appeal, will no doubt encourage a lack of finality of result and I presume will cause trial judges to inquire, "Does the opinion really mean what it says, or must I guess concerning how some corroborative evidence will strike the fancy of the appellate court on a second appeal?" The difference in evidence pointed out is neither determinative within itself nor does it establish a different quantum of evidence. We cannot possibly have been right on both appeals. If any error is present, the error was committed by this court, and not by the trial judge in the second trial. Therefore, I respectfully dissent.

EDWARD P. HILL, Jr. and OSBORNE, JJ., join in this dissent.