884 F.2d 578
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glenn COMBS; Pamela Combs, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-6166.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1989.
 
 Before ENGEL, Chief Judge, and NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this action brought under the Federal Tort Claims Act, Plaintiffs-Appellants Glenn and Pamela Combs appeal a summary judgment of the United States District Court for the Eastern District of Kentucky, granted in favor of Defendant-Appellee United States of America.
 
 
 2
 On the evening of March 20, 1983, plaintiff Glenn Combs was driving his pickup truck northbound on Kentucky Highway 15 just north of Vancleve, Breathitt County, when he was struck head-on by a vehicle driven by Staff Sergeant Elmer Hall, Jr., a member of the United States Army Reserve assigned to a Reserve training unity in Hazard, Kentucky. Combs suffered numerous broken bones and internal injuries. When the accident occurred, Hall was returning to his home after having completed a weekend drill sargeant's update course at the Lexington-Blue Grass Army Depot in Avon, Kentucky, his travel orders having required him to travel in his own vehicle, to attend the course, and "to return to [his] permanent station upon completion of the duty." Hall had consumed several beers at the Depot's community club after conclusion of the course and prior to leaving the Depot.
 
 
 3
 After the United States Army failed to honor an administrative damage claim filed by the Combses, the Combses filed a complaint in the United States District Court for the Eastern District of Kentucky on February 14, 1986. Combs and his wife alleged that, under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b) et seq., they were entitled to damages for his injuries and her loss of consortium, given Hall's negligence as an employee of the United States of America. On August 15, 1988, the district court granted summary judgment in favor of defendant United States, holding that Hall was not on government business at the time of the collision, thereby relieving the United States of respondent superior liability as Hall's employer at the time of the accident. The Combses appeal.
 
 
 4
 It appears in our judgment that a fact question remains for resolution, thereby making disposition on summary judgment at this stage inappropriate. In granting summary judgment in favor of the United States, the learned district judge placed primary reliance upon Kuerner v. National Cash Register Co., 43 F.Supp. 62 (W.D.Ky.1942). In Kuerner, the federal district court, applying Kentucky law, held that a salesman for National Cash Register was not operating his vehicle within the scope of his employment at the time of his automobile accident: he had finished work in Elizabethtown, Kentucky and was returning to his home in Louisville, although his business duties had required him to travel to Elizabethtown and then to Glasgow, in precisely the opposite direction of Louisville. Given Kuerner's clear deviation from his route, we find this case inapposite.
 
 
 5
 On the other hand, we conclude that the facts here are more in line with those in Chittum v. Abell, 485 S.W.2d 231, 236 (Ky.1972), in which the Kentucky Court of Appeals held that the responsible driver was operating her vehicle in the course of her employment. During her trip, Chittum undertook substantial corporate activity, and while she also visited relatives, there was an admission that Chittum was on company business at the time and it was evident that the corporation had paid for the gasoline for car at the start of the trip.[1] Under Chittum, therefore, it appears that a fact question remains and that summary judgment was improper.
 
 
 6
 Moreover, in reaching our conclusion, we note that Hall's duty orders expressly directed him to proceed to the Lexington-Blue Grass Army Depot in Avon, and thereafter directed him "to return to [his] permanent station upon completion of duty." We further note that if there was any deviation from his return when he stopped to consume several beers at the Depot's Community Club, he had returned to his designated route at the time of the accident. While his home was in the same line of travel as was his home duty station at Hazard, it does not necessarily follow as a matter of law that he was going to one and not to the other. Finally, Combs' travel was reimbursed by the Army and he was paid a per diem of $20.00 for his overall services. A finder of fact could presumably conclude that the time he necessarily expended for the convenience of his employer in traveling to--and then returning from--Avon, Kentucky for the purposes of the course, would not have been expended but for the orders he had received. The foregoing convinces us that a jury question was presented concerning the United States' liability to the injured plaintiff under Kentucky principles of respondent superior.
 
 
 7
 The judgment of the district court is REVERSED and REMANDED for trial or other proceedings consistent herewith.
 
 
 
 [1]
 While we agree with the trial judge that only limited precedential value can be gleaned from Kentucky cases dealing solely with workmen's compensation law, we also agree that little, if any, weight is to be given to purported admissions in the accident report made pursuant to Army Regulation 385-40